Jerry W. CRAKER, Petitioner-Appellee,

v.

Raymond K. PROCUNIER, Director,
Texas Department of Corrections,
Respondent-Appellant.

No. 83–1760.

United States Court of Appeals,
Fifth Circuit.

April 11, 1985.

Jim Mattox, Atty. Gen., Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Jerry W. Craker, pro se.

Richard Colquitt, Houston, Tex. (Court-appointed), for petitioner-appellee.

Before WISDOM, GEE and REAVLEY, Circuit Judges.

GEE, Circuit Judge:

This is a statutory habeas case (28 U.S.C. § 2254) concerning effective assistance of counsel to a state prisoner who pleaded guilty. The federal trial court granted relief, and the state appeals. Concluding that developments in the law occurring since the action of the trial court require reversal of its order and a remand for further proceedings, we follow that course.

### Facts

Appellee Craker was charged with forgery by passing a $20 hot check, enhanced by prior convictions. Before the date set for his trial, Craker spoke several times with Keith Woodley, an experienced criminal lawyer. In one of these conversations, Craker and Woodley discussed briefly the district attorney's offer of a plea bargain for seven years. Craker expected the trial court to appoint Woodley as his lawyer,

and it intended to do so. On the day of Craker's trial, however, Woodley was nowhere to be found.

One of Woodley's partners, Jim Dudley, was appointed instead. Dudley had little experience as a criminal lawyer. After a maximum of ten minutes of conversation with Dudley, Craker pled guilty. The district attorney recommended a twenty year sentence; the trial court followed his recommendation and sentenced Craker to twenty years' imprisonment.

Craker sought a state writ of habeas corpus, alleging ineffective assistance of counsel. The state trial court held a hearing on his claim. The same judge who had appointed Dudley and accepted Craker's guilty plea presided over the hearing. He remembered the events of that day, and stated from the bench,

I feel that ... in reasonable likelihood there was insufficient time that was afforded you and your attorney.... [T]here's a very real question raised in the Court's mind whether or not there was a sufficient time devoted.... Mr. Craker, because the Court, this Court has knowledge there's been an error committed, and I want to correct that, and I feel there's a likelihood that you did not receive all of your full rights you were entitled to.

The court reduced its holding to a written order, containing findings of fact and conclusions of law, and granting relief. The Texas Court of Criminal Appeals reviewed this order and reversed:

This Court is not bound by the findings of a district court in post conviction habeas corpus proceedings. *Ex Parte Harris,* 593 S.W.2d 330 (Tex.Cr.App.1979); *Ex Parte Guzman,* 589 S.W.2d 461 (Tex. Cr.App.1979). While this writer agrees with the findings and conclusions entered by the trial court, a majority of this Court has held that a petitioner is not entitled to relief under facts similar to those presented in this case. See *Ex Parte Diaz,* (sic) [610] S.W.2d [765] (No. 65,162, delivered January 28, 1981). Cf. *Ex Parte Harris,* 596 S.W.2d 893 (Tex.

Cr.App.1980). In view of this Court's holding in *Ex Parte Diaz,* supra, the relief requested herein is denied.

His state remedies exhausted, Craker sought federal writ relief pursuant to 28 U.S.C. § 2254, again asserting ineffective assistance of counsel. The district court reviewed the state habeas record and granted Craker's application for the writ without holding an evidentiary hearing. From its judgment, the state appeals.

*Analysis*

■ The state first contends that because the findings of the state trial court were rejected by the Texas Court of Criminal Appeals, the trial court erred in applying the presumption of correctness embodied in 28 U.S.C. § 2254(d) to those findings. This contention is without merit. First, it was explicitly rejected by the Supreme Court in *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981):

Section 2254(d) applies to cases in which a state court of competent jurisdiction has made "a determination after a hearing on the merits of the factual issue." It makes no distinction between the factual determinations of a state trial court and those of a state appellate court. Nor does it specify any procedural requirements that must be satisfied for there to be a "hearing on the merits of a factual issue," other than the habeas applicant and the state or its agent be parties to the state proceeding and that the state-court determination be evidenced by "a written finding, written opinion, or other reliable and adequate written indicia." *Section 2254(d) by its terms thus applies to factual determinations made by state courts, whether the court be a trial court or an appellate court....* This interest in federalism recognized by Congress in enacting § 2254(d) *requires deference by federal courts to factual determinations of all state courts.*

*Id.* at 546–47, 101 S.Ct. at 768–69 (citations omitted) (emphasis added). The state trial court in this case clearly satisfies the requirements of *Sumner;* its factual find-

ings are thus entitled to a presumption of correctness. Further, the Texas Court of Criminal Appeals did not reject the factual findings of the state trial court; it merely held that the facts as found did not entitle Craker to relief.

The state attempts to buttress its contention by arguing that the state trial court's findings "are without effect under state constitutional law." The state cites no supporting authority for this proposition, which it infers from the fact that state trial court findings are not binding on the appellate court. The inference is incorrect, and provides no support for the state's contention, which therefore is rejected.

■ The state next contends that the district court erred in denying its request for an evidentiary hearing. This contention is also meritless. *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), sets forth circumstances in which the district court must hold an evidentiary hearing; absent such circumstances, the decision to hold a hearing is within the discretion of the district court. *Id.* at 318, 83 S.Ct. at 759. Under *Townsend,* a hearing is required if "the material facts were not adequately developed at the state court hearing." *Id.* at 313, 83 S.Ct. at 757. This is the circumstance relied upon by the state. As we have made clear, however, a failure to develop the facts adequately does not, standing alone, render a hearing mandatory; it must further appear that the failure was not "attributable to the inexcusable neglect of petitioner." *Id.* at 317, 83 S.Ct. at 759, *quoted in Guice v. Fortenberry,* 661 F.2d 496, 500 (5th Cir.1981) (en banc).

> The Court in *Townsend* defined inexcusable neglect by reference to the deliberate bypass standard articulated in *Fay v. Noia,* 372 U.S. 391, 438 ... [83 S.Ct. 822, 848, 9 L.Ed.2d 837] (1963), and concluded that "if for some justifiable reason [the petitioner] was previously unable to assert his rights or was unaware of the significance of the relevant facts" a hearing should be held.

*Guice, supra,* 661 F.2d at 506–07, *quoting Townsend, supra,* 372 U.S. at 317, 83 S.Ct. at 759 (footnote omitted).

Assuming, *arguendo,* the availability to the State of recourse to a federal forum in these circumstances, both logic and equity require imposition on the state of the same inexcusable neglect/deliberate bypass standard imposed on petitioners as a prerequisite to a federal hearing. The state in this case has made no attempt to explain why it failed to introduce its "new" evidence at the state court hearing, nor has it explained what this evidence could have added to the state proceeding. It must be recalled that the same judge presided over Craker's state habeas hearing and his erstwhile trial, and that the judge's recollection of the relevant events seems to have been clear. It is difficult to see what the state's evidence would have contributed in these circumstances.

In any event, the federal district court made an independent review of the record in this case, including the materials proffered by the state as "new" evidence, and concluded that no evidentiary hearing was required because "a full and fair hearing was held with historical facts being found by the state court." This decision was within the trial court's discretion because no circumstance rendering a hearing mandatory under *Townsend* was present. We cannot say it abused that discretion.

■ Finally, the state contends that the district court erred in granting Craker's application because Craker failed to make the requisite showing of actual prejudice resulting from denial of effective assistance of counsel.

The state argued without benefit of the Supreme Court's opinion in *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), rendered after the filing of appellant's brief. In *Strickland,* the Court stated that "[c]onflict of interest claims aside, actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prej-

udice."[1]  *Id.*, —— U.S. at ——, 104 S.Ct. at 2067, 80 L.Ed.2d at 697.

Nor did the state or the trial court have the benefit of our follow-on writings to *Strickland.* These are dispositive. Not long after *Strickland,* we were faced with the question whether a petitioner who had knowingly and voluntarily pleaded guilty, as the trial court had found, would be heard to assert ineffectiveness of counsel. We held to the contrary:

> However, the conclusion that counsel did not perform his duty does not automatically entitle Diaz to relief. In addition to proving his counsel's shortcomings, a defendant asserting an ineffective-assistance claim must demonstrate that these failings "worked to his *actual* and substantial disadvantage."[21] "A failure to prove that he was prejudiced, like a failure to prove that his attorneys' efforts were inadequate, results in a denial of the writ."[22] Only after the defendant thus demonstrates that he was disadvantaged does the burden shift to the state to show harmless error.[23] Diaz has failed to show that he was prejudiced by his lawyer's conduct, for the district court found that he did in fact know the elements of the offenses charged. Failure to demonstrate that counsel's failings worked to his actual and substantial disadvantage is fatal to Diaz's claim.

> Without condoning the failure of court-appointed counsel to perform his duty, we AFFIRM the judgment because Diaz was shown to have pleaded knowingly and voluntarily and because he has not shown prejudice as a result of his counsel's failings.

[21] *Washington v. Strickland,* 693 F.2d 1243, 1258 (5th Cir.1982) (en banc), *cert. granted,* —— U.S. ——, 103 S.Ct. 2451, 77 L.Ed.2d 1332 (1983).

[22] *Baldwin v. Maggio,* 704 F.2d 1325, 1333 (5th Cir.1983).

[23] *Cf. Washington v. Strickland,* 693 F.2d at 1262 (5th Cir.1982)....

1.  The Court had noted earlier that in certain contexts prejudice is presumed, instancing the actual or constructive denial of counsel alto-

*Diaz v. Martin,* 718 F.2d 1372, 1378–9 (5th Cir.1983).

If more be required, in *United States v. Diaz,* 733 F.2d 371, 376 (5th Cir.1984), we observed:

> In *Diaz v. Martin,* Judge Rubin writing for this Court held that even where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. In such a case there is no "actual and substantial disadvantage" to the defense. *Id.* at 1379. Thus, our holding in the previous section that the pleas were voluntary defeats the claim of ineffective assistance at the plea stage.

Our inspection of the record discloses no clear finding whether Craker's plea was knowing and voluntary, a consideration crucial to the disposition of his appeal in light of the more recent authority cited. We reverse and remand for such a finding, yea or nay.

REVERSED and REMANDED.

gether and the presence of counsel burdened by an actual conflict of interest. *Strickland,* —— U.S. at ——, 104 S.Ct. at 2067, 80 L.Ed.2d at 696.