**Michael Don MICHEAUX, Petitioner–Appellant,**

v.

**James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.**

**No. 88–2756.**

United States Court of Appeals, Fifth Circuit.

Oct. 9, 1991.

Ann E. Webb, Vinson & Elkins, Houston, Tex. (Court-appointed), for petitioner-appellant.

Andrea L. March, Asst. Atty. Gen., Jim Mattox, Atty. Gen., M.H. Montelongo, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before CLARK, Chief Judge, THORNBERRY, POLITZ, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, DUHÉ, BARKSDALE and EMILIO M. GARZA, Circuit Judges.*

---

* Judge Thomas Gibbs Gee was a member of the panel that decided this case but resigned from the Court on February 1, 1991 and, therefore, did not participate in this decision. Judges

**232**

PER CURIAM:

The court having heard and considered this case *en banc,* we now affirm the district court's denial of habeas relief. However, the panel opinion, *Micheaux v. Collins,* 911 F.2d 1083 (5th Cir.1990), remains vacated pursuant to Fifth Circuit Local Rule 41.3 and our Internal Operating Procedure following Fed.R.App.Proc. 35.

The petitioner asserts that the convicting court's misinformation about the sentence he could receive following his guilty plea rendered the plea involuntary and unintelligent. On remand from a previous unpublished opinion of this court, however, the magistrate judge conducted an evidentiary hearing and found that under the totality of the circumstances, petitioner's plea was voluntary. *McMann v. Richardson,* 397 U.S. 759, 765, 90 S.Ct. 1441, 1446, 25 L.Ed.2d 763 (1970). The district court adopted this analysis and denied relief.

Petitioner now contends that as a federal habeas court, we are bound under 28 U.S.C. § 2254(d) to accept the state habeas trial court's "proposed findings" that if Micheaux had been told of a fifteen-year minimum sentence he would not have pled guilty and would have insisted on going to trial. In the unusual circumstances of this case, we disagree. Not only were the "proposed findings" not adopted nor incorporated in the action of the Texas Court of Criminal Appeals, they are directly inconsistent with that court's peremptory denial of relief.[1] We conclude that those proposed findings did not survive scrutiny by the Texas Court of Criminal Appeals, the final decisionmaker in Texas habeas cases. *See* Texas Code Crim.Proc.Ann. art. 11.07, § 3.

In these circumstances, it was proper for the federal court to conduct a hearing *de novo* on the voluntariness of Micheaux's guilty plea. We have reviewed its conclusions, both on the voluntariness issue and

the related claim of ineffective counsel, and we agree with it.

The judgment of the district court is AFFIRMED.

---

King and Wiener are recused, and, therefore, did not participate in this decision.

1. This case is thus distinguishable from *Craker v. Procunier,* 756 F.2d 1212, 1213 (5th Cir.1985), *aff'd. foll. rem., Craker v. McCotter,* 805 F.2d 538 (5th Cir.1986), in which the Texas Court of Criminal Appeals *"did not reject the factual findings* of the state [trial] court; it merely held that the facts as found did not entitle *Craker* to relief."   756 F.2d at 1214 (emphasis added).