DeMOSS, Circuit Judge,
dissenting:
I am unable to join my colleagues in the majority and write to express my dissent.
The person who is in the best position to evaluate and make a judgment regarding the sufficiency of appointed counsel’s conduct during a state death penalty trial is the state district judge before whom that case is being tried. That is especially true in this case where the state district judge who tried the case originally did not appoint the counsel to represent Westley and he could truly and impartially assess the conduct of appointed counsel. When Westley filed his first state *727 habeas corpus proceeding, the state trial judge appointed a special master to conduct a hearing and take evidence, pro and con, on the issue of sufficiency of trial counsel. The special master heard evidence from numerous witnesses and wrote a comprehensive report to the state trial judge recommending that the writ of habeas corpus be granted because of numerous instances of inadequate, insufficient and incompetent performance on the part of appointed counsel. The state trial judge adopted the special master’s report, made extensive findings of fact, and forwarded a recommendation to the Texas Court of Criminal Appeals that habeas corpus be granted for the reasons stated in that report. The Texas Court of Criminal Appeals summarily denied the petition for habeas corpus, without conducting any further hearing of any kind; without making any new or additional findings of fact; without defining which of the factfindings, if any, in the state trial judge’s report were “clearly erroneous”; and without defining any errors of law which may have been in the state trial judge’s report. Under these circumstances, my reading of Sumner v. Mata, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) (the interest in federalism recognized by Congress in enacting § 2254(d) requires deference by federal courts to factual determinations of all state courts); and Craker v. Procunier, 756 F.2d 1212 (5th Cir.1985) (the state trial court in this case clearly satisfies the requirements of Sumner, its factual findings are thus entitled to a presumption of correctness), leads me to conclude that in this federal habeas corpus proceeding, the federal court must give deference to those factual findings.
The voluminous findings of fact by the special master at the state habeas hearing (which were adopted by the state trial judge who actually tried the original criminal case against Westley) lead the state special master to recommend and the state trial judge to adopt the following conclusions as to the ineffectiveness of appointed counsel for Westley:
1.Ineffective assistance of counsel for counsel’s failure to object to the state’s use of peremptory challenges to exclude black venire members (4-14);
2. Ineffective assistance of counsel for counsel’s failure to obtain critical portions of the statement of facts from the code-fendant’s trial and to consult an independent ballistics expert (14 — 24);
3. Ineffective assistance of counsel for counsel’s failure to object to the state’s use of victim impact evidence at trial and final argument (24-35);
4. Ineffective assistance of counsel due to counsel’s final argument during the punishment stage of the trial (44-47);
5. Ineffective assistance of counsel for counsel’s failure to formulate a sound trial strategy for defusing Wesley's admission that []he was armed with a .22 caliber weapon during the robbery and murder (52-56); and
6. Ineffective assistance of counsel for counsel’s failure to become familiar with the critical legal issues involved in 2-5, above, so as to preserve them for appellate review (47-52).
Upon filing of this federal habeas petition, the federal magistrate to whom Westley’s petition was referred reviewed all of the state records and came to virtually the same set of conclusions as to ineffectiveness of counsel, and recommended to the federal district judge that habeas corpus be granted. In a comprehensive memorandum and order, the federal district judge rejected the magistrate’s recommendation and granted the state’s motion for summary judgment denying the writ of habeas corpus. Neither the federal magistrate nor the United States district judge held any further evidentiary hearings; each simply reviewed the record established in the evidentiary hearing for the state habeas corpus petition. I am unable to join my colleagues in affirming the district court’s judgment for the following reasons.
a. I read the admonition of the Supreme Court, in Kyles v. Whitley, — U.S. -, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), that “our duty to search for constitutional error with painstaking care is never more exacting than it is in a capital case” as meaning what it says. In Kyles, the grounds for habeas corpus relief was that the State of Louisiana had failed to *728 disclose certain evidence which would have cast doubt on the eyewitness identification of Kyles as the murderer. The Louisiana trial court denied habeas relief and the Louisiana State Supreme Court denied discretionary review. In a federal habeas proceeding, the United States district court denied relief and a panel of the Fifth Circuit by a split vote affirmed the federal district court. The Supreme Court granted certiorari and reversed. If the Supreme Court’s quoted admonition would apply in Kyles where all four of the lower courts had concluded that habeas relief should be denied, then surely we should heed it here in Westley where the state trial judge made copious findings of fact and conclusions of law supporting its determination that habeas relief should be granted.
b. We have in this Westley case the non-typical circumstance that the state trial court which conducted the state habeas evidentiary hearing (a hearing in which ten live witnesses testified and roughly 100 exhibits were introduced and which generated a nine volume record consisting of 1,500 pages) made 230 separate findings of fact, exclusive of conclusions of law, which clearly supported the six conclusions of the state trial court supporting its ultimate recommendation that habeas corpus should be granted to Westley. The Texas Court of Criminal Appeals in a five-to-four per curiam opinion simply denied the petition for habeas corpus relief. As indicated earlier in this dissent, I believe this circumstance is controlled by our Circuit’s decision in Craker, and it appears from footnotes 2 and 3 in the majority opinion that the panel majority likewise recognizes that all 230 of the factual findings by the state trial court are entitled to deference under 28 U.S.C. 2254(d).
Upon filing of the federal habeas corpus proceeding, neither the state nor Westley moved for any further evidentiary hearing and each side filed their own motions for summary judgment. The issue before the federal court, therefore, was, taking all 230 of the factual findings made by the state trial court as being correct, did those facts establish a constitutional claim of ineffective counsel and/or prosecutorial misconduct which would entitle Westley to the relief of habeas corpus. This is the approach adopted by the federal magistrate who determined that some of Westley’s claims were not supported by these factual findings, but there were sufficient claims of both ineffectiveness of counsel and prosecutorial misconduct to justify an award of habeas corpus relief.
The federal district judge, however, chose to go another route. Reading Micheaux, 944 F.2d 231, as freeing her from any obligation to show deference to the fact-findings of the state habeas evidentiary hearing, suggesting that the use of a special master to conduct the state habeas corpus evidentiary hearing somehow “attenuated” the factfindings by the state trial judge and finding that the magistrate did not sufficiently distinguish between fact-findings and conclusions of law, the federal district judge launched into a wholesale review of the state habeas corpus record and the trial records of Westley and his co-defendant just as if she had been presiding at the state habeas corpus eviden-tiary hearing and ended up making credibility assessments, weighing evidence and determining issues of both fact and law. In my view, that course of conduct by the federal district judge was certainly inconsistent with what we normally deem appropriate for summary judgment proceedings and conduct which, in my view, renders the deference requirement of § 2254(d) as hollow and meaningless.
I have read all 230 of the factfindings by the state trial court from the habeas eviden-tiary hearing and deeming them correct, my confidence in the jury verdict in Westley’s criminal trial is completely undermined. The fundamental purpose of the Great Writ contemplated by §§ 2241-2254 of Title 28 is protection of the individual from unconstitutional trials. When a state trial judge who tried an individual defendant is later presented with a state habeas corpus proceeding in which he makes factual findings which leads him to the conclusion that this same defendant did not receive the constitutional guarantee of a fair trial and the state appellate court makes no attempt to articulate the reasons why the state trial judge’s factual *729 determinations or legal conclusions were wrong, then, in a subsequent federal habeas corpus hearing, we should put the same burden on the state under Rule 2254(d) to prove “by convincing evidence that the factual determination by the State court was erroneous” as we would put on the petitioner if the state trial court conducting the habeas corpus evidentiary hearing had made findings of fact and conclusions of law denying the habe-as corpus petition.
In this Westley case, the state has come nowhere near making such showing of error as to any of the factual determinations by the state trial court. Accordingly, we should accept as correct all of the factual determinations in this case by the state habeas corpus hearing trial court and our task then becomes simply to determine whether those factual findings support the claims for habeas corpus relief. If the state court findings in this case do not satisfy both the “ineffectiveness” and “prejudice” prongs of Strickland, then in my view, there is no such animal as an “ineffective counsel” and we should quit talking as if there is.
I have no hesitation in concluding that the state trial court factual findings support the claims for habeas relief in this case and I respectfully dissent from the conclusions of the majority to the contrary.