REVISED, June 28, 1999

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-41557

NATHANIEL KEITH SINGLETON,

Petitioner- Appellant

VERSUS

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
June 22, 1999

Before GARWOOD, DUHÉ, and BENAVIDES, Circuit Judges:

DUHÉ, Circuit Judge:

We granted a certificate of appealability ("COA") to consider: (1) whether there are any state-court findings regarding counsel's knowledge of the Petitioner's desire to appeal which should be afforded the presumption of correctness and (2) whether, if there are no findings to which the presumption of correctness applies, the district court should have conducted a de novo evidentiary hearing. Concluding that there are no findings to which the presumption of correctness applies, we remand for a de novo evidentiary hearing.

**BACKGROUND**

Nathaniel Keith Singleton ("Petitioner") pled guilty to aggravated assault and was sentenced to eight years of deferred adjudication. The State of Texas (the "State") later moved to revoke the Petitioner's unadjudicated probation, arguing that he had violated several conditions of his probation. The Petitioner pled "true" to the motion to revoke and the trial court sentenced him to ten years of imprisonment.

The Petitioner applied for writ of habeas corpus in state court, arguing that counsel was ineffective in failing to file and pursue a direct appeal of the revocation proceeding on his behalf. In support of his petition, the Petitioner attached a copy of a letter he received from his retained counsel for the probation revocation proceedings, Robert Smith ("Smith"), in which Smith opined that a direct appeal would not be successful but detailed the steps for pursuing an appeal pro se. The Petitioner maintained that the letter proved that Smith was aware of his desire to appeal and yet did nothing.

Concluding that Smith's letter demonstrated that the Petitioner was properly advised of his appellate rights, the state habeas trial court recommended that the Petitioner's habeas application be denied. The Texas Court of Criminal Appeals determined that the trial court's conclusion was not supported by the record. It found that additional facts needed to be developed concerning whether the Petitioner requested Smith to file an appeal and, if so, whether Smith took any action in compliance with the Petitioner's wishes. The Court of Criminal appeals ordered the

2

trial court to obtain an affidavit from Smith regarding those issues.

On remand, the trial court obtained the requested affidavit, which read in pertinent part:

> My name is Robert Joseph Smith. I reside in the County of Jefferson, State of Texas, and I came forth to make the following statement: I provided Legal counsel and representation to Nathaniel K. Singleton pursuant to a Motion to Revoke Probation for offense of [sic] Aggravated Assault. I deny that Nathaniel K. Singleton requested me to pursue an appeal of his conviction for the offense of aggravated assault. Mr. Singleton did request that I look into issues related to the probation revocation process. In addition, it should be noted that at the time of his revocation sentencing, Mr. Singleton was wholly in default of his legal fee payments. Which may explain why Mr. Singleton asked me to detail for him the steps of a pro se appeal versus asking me to pursue his appeal.

The trial court found that the affidavit demonstrated that Smith was aware of the Petitioner's desire to appeal and, therefore, had an obligation to request permission from the sentencing court to appeal the case. The trial court determined that habeas relief should be granted in part. The Court of Criminal Appeals apparently disagreed and denied the habeas petition without written order.

The Petitioner filed a second state habeas petition, arguing, inter alia, that ineffective assistance of counsel rendered his guilty plea involuntary. The state habeas trial court concluded that the Petitioner's ineffective assistance claim was procedurally barred and the Court of Criminal Appeals denied the habeas application without written order. In November 1996, the Petitioner filed a habeas petition in federal district court,

3

contending that his guilty plea was involuntary because he received ineffective assistance of counsel. He alleged that Smith was ineffective in failing to file a direct appeal despite his request that Smith do so and in advising him to plead "true" to the charges in the motion to revoke. Recommending that the Petitioner's application be denied, the magistrate judge found that the record indicated that the Petitioner had not requested that Smith file an appeal. The district court adopted the magistrate's recommendations over the Petitioner's objection and denied habeas relief.

The Petitioner appealed and requested a COA, which the district court denied. The Petitioner then sought a COA in this court, arguing that the state habeas trial court's finding that Smith was aware of the Petitioner's desire to appeal is entitled to a presumption of correctness because the Court of Criminal Appeals did not issue independent findings of fact or indicate whether it adopted or rejected the trial court's findings. We granted COA on the following issues: (1) whether there are any state-court findings regarding Smith's knowledge of the Petitioner's desire to appeal which should be afforded the presumption of correctness and (2) whether, if there are no findings to which the presumption of correctness applies, the district court should have conducted a de novo evidentiary hearing.

## DISCUSSION

28 U.S.C.A. § 2254(d) (West Supp. 1999) provides the standard of review governing collateral federal review of state-court

4

convictions as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Petitioner argues that the standard of review in § 2254(d) does not apply to his habeas petition because the state trial court was the only state-court adjudication on the merits, and its decision was not adverse to him. We disagree. Where, as here, there is no clear state decision, we determine, on a case by case basis, whether the adjudication was on the merits. See Preston v. Maggio, 705 F.2d 113, 116 (5th Cir. 1983). We consider three factors in making that determination: (1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state courts' opinions suggest reliance upon procedural grounds rather than a determination on the merits. See id. In the case at bar, the first factor suggests an adjudication on the merits. In Texas writ jurisprudence, usually a denial of relief rather than a "dismissal" of the claim by the Court of Criminal Appeals disposes of the merits of a claim. See Jackson v. Johnson, 150 F.3d 520,

5

524 (5th Cir. 1998); Ex Parte Torres, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997). The second factor also indicates an adjudication on the merits because the State did not raise any procedural grounds for denying relief on the Petitioner's ineffective assistance claim. The third factor is inconclusive in this case. Although the state trial court dealt favorably with the Petitioner's claim on the merits, the Court of Criminal appeals silently denied relief. Based on the first and second factors, we conclude that the Court of Criminal Appeals' denial of relief constituted an adjudication on the merits.

## I.  Presumption of Correctness

The Petitioner maintains that the state trial court's finding that counsel was aware of his desire to appeal should be afforded a presumption of correctness. This argument is meritless. We rejected a similar argument in Micheaux v. Collins, 944 F.2d 231, 232 (5th Cir. 1991) (en banc). In its proposed findings, the Micheaux state habeas trial court found that if the petitioner had been informed of a fifteen year minimum sentence, he would not have pled guilty and would have insisted on going to trial. See id. The Texas Court of Criminal Appeals denied the petitioner's habeas petition without written order, however.[1] In his federal habeas petition, the petitioner argued that we were bound to accept the state habeas trial court's proposed findings. Rejecting the petitioner's argument we stated:

Not only were the "proposed findings" not adopted nor

---

[1]See Micheaux v. Collins, 911 F.2d 1083, 1085 (5th Cir. 1990).

6

> incorporated in the action of the Texas Court of Criminal Appeals, they are directly inconsistent with that court's peremptory denial of relief. We conclude that those proposed findings did not survive scrutiny by the Texas Court of Criminal Appeals, the final decisionmaker in Texas habeas cases.

Id. For the same reasons, we conclude that the state trial court's findings did not survive the Court of Criminal Appeals' denial of relief.

## II. De Novo Evidentiary Hearing

Alternatively, the Petitioner argues that if there are no findings to which the presumption of correctness applies, the district court should have conducted a de novo evidentiary hearing. We agree. The Petitioner is entitled to a full and fair evidentiary hearing on the issue of whether his attorney was aware of the Petitioner's desire to file an appeal and, therefore, had an obligation to do so. See Goodwin v. Johnson, 132 F.3d 162, 182 (5th Cir. 1998) (concluding that the petitioner was entitled to an evidentiary hearing because the state did not afford him a full and fair evidentiary hearing on a disputed factual issue). "There cannot even be the semblance of a full and fair hearing unless the state court actually reached and decided the issues of fact tendered by the defendant." Id. (citations omitted). Noting that the habeas trial court's proposed findings did not survive the Court of Criminal Appeals' denial, we stated in Micheaux that "[i]n these circumstances, it was proper for the federal court to conduct a hearing de novo on the voluntariness of [the petitioner's] guilty plea." Micheaux, 944 F.2d at 232. In Micheaux, we reversed the district court's initial denial of the petitioner's habeas petition

7

and remanded for an evidentiary hearing.  See <u>Micheaux v. Collins</u>, 911 F.2d 1083, 1085 (5th Cir. 1990).

## CONCLUSION

Remanded for a <u>de</u> <u>novo</u> evidentiary hearing.

REMANDED.