United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 00-41114

GAYLON GEORGE WALBEY, JR.,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(3:99-CV-496)
--------------------

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Gaylon George Walbey, Jr., Texas death row prisoner # 999114, was convicted of capital murder under Texas Penal Code Section 19.03(a)(2) and was sentenced to death for this offense. Walbey v. State, 926 S.W.2d 307, 308 (Tex. Crim. App. 1996). The conviction and sentence were affirmed on direct appeal. Id. at 308-14. Walbey sought relief by writ of habeas corpus in state court asserting, among other things, that trial counsel was ineffective in failing to investigate and present mitigation evidence and in failing to prepare a psychologist, Dr. Wills, to testify.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following an evidentiary hearing at which trial counsel and Wills testified, the state habeas trial court rejected most of counsel's testimony as not credible. Based on these specific findings, that court concluded that Walbey's trial counsel had failed to prepare Dr. Wills to testify and had failed to perform the investigation, including obtaining a medical health expert, necessary to a rational strategy choice for the punishment phase of the trial. The state habeas trial court ruled that Walbey would not have been sentenced to death had counsel presented the jury with "the wealth of mitigating evidence." The Texas Court of Criminal Appeals ("TCCA") rejected this conclusion and denied relief. Ex parte Walbey, No. 41323-01 (Tex. Crim. App. June 2, 1999) (unpublished).

Walbey filed an application for habeas corpus under 28 U.S.C. § 2254 ("§ 2254") in federal district court. Among other issues asserted by Walbey was a claim that his counsel had been ineffective during the punishment phase of the trial for failing to investigate a mitigation defense and in failing to prepare Dr. Wills for cross-examination. Walbey argued that the ruling of the TCCA was an unreasonable application of federal law to the facts as found by the state habeas trial court. The district court considered the matter and denied Walbey's § 2254 application. The district court conducted an "independent review of the facts" and found, based on "overwhelming evidence," that defense counsel's performance was neither deficient nor prejudicial to Walbey's defense. We

2

granted Walbey a certificate of appealability (COA) based on his allegation that the district court erred by failing to defer to the findings of fact made by the state habeas trial court.

In addressing a § 2254 application for federal habeas relief that raises claims adjudicated in state court, a federal court must defer to a state court's resolution of both pure questions of law and mixed questions of law and fact unless the state court's determination was "contrary to" or an "unreasonable application" of clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d); Hill v. Johnson, 210 F.3d 481, 484-85 (5th Cir. 2000). Walbey insists that the district court erred in denying federal habeas relief because the opinion of the TCCA rejecting the relief granted by the state habeas trial court and denying relief on his claim of ineffective assistance of counsel was, in the light of the factual findings made by the lower state court, an unreasonable application of clearly established federal law under Wiggins v. Smith, 123 S. Ct. 2527 (2003).

To determine whether a Texas state habeas trial court's factual findings are viable following review by the TCCA, we look to the action taken by the latter court. In Craker v. Procunier, 756 F.2d 1212, 1213-14 (5th Cir. 1985), we concluded that the state habeas trial court's factual findings survived appeal even though the TCCA reached a legal conclusion contrary to that of the trial court. Our determination that the factual findings had survived TCCA review was based on the observation that the TCCA had not rejected the facts

3

as found by the trial court but had held instead that relief was not available under those facts. Craker, 756 F.2d at 1213-14. In contrast, we held in Micheaux v. Collins, 944 F.2d 231, 232 (5th Cir. 1991) (en banc), that the state habeas trial court's factual findings did not survive review by the TCCA, which had denied the petitioner's habeas petition without written order. See Micheaux v. Collins, 911 F.2d 1083, 1085 (5th Cir. 1990). We reasoned:

> Not only were the "proposed findings" not adopted nor incorporated in the action of the Texas Court of Criminal Appeals, they are directly inconsistent with that court's peremptory denial of relief. We conclude that those proposed findings did not survive scrutiny by the Texas Court of Criminal Appeals, the final decisionmaker in Texas habeas cases.

Micheaux, 944 F.2d at 232; see also Singleton v. Johnson, 178 F.3d 381, 384-85 (5th Cir. 1999).

In the instant case, the TCCA's order denying Walbey habeas relief stated:

> This Court has reviewed the record with respect to the allegations made by [Walbey]. Pursuant to that review, we reject the judge's conclusions of law as not supported by the record. We further find that applicant has failed to meet his burden to show his counsel was ineffective.

Ex parte Walbey, No. 41323-01. This case does not present the same situation that was presented in Craker, where we determined that the TCCA had "held that the facts as found did not entitle Craker to relief." Craker, 756 F.2d at 1214.

There is nothing in the language of the TCCA's order in this case, however, that would support a similar conclusion. Here, the

4

order of the TCCA is silent as to the state habeas trial court's findings of fact. The TCCA's statement rejecting the trial court's conclusions of law as not supported by the record fails to inform whether the TCCA accepted or rejected, in whole or in part, the factual findings of the trial court based on that record.

On the Craker/Micheaux continuum, the situation presented in the instant case is closer to the Micheaux end, as in that case the TCCA neither adopted nor incorporated the proposed findings of fact made by the state habeas trial court. Micheaux, 944 F.2d at 232. In addition, the facts found by the state habeas trial court in this case are directly inconsistent with the TCCA's denial of habeas relief. Id. We agree with Walbey that it would be an unreasonable application of federal law to deny relief under Wiggins in the light of the state habeas trial court's findings that Walbey's trial counsel had failed to investigate the mitigation defense and that, if presented, the amount of mitigation evidence available would have influenced the verdict of the jury. See Wiggins, 123 S. Ct. at 2536-44. Nevertheless, as the TCCA did not adopt the factual findings of the habeas trial court, and as those factual findings are directly inconsistent with the TCCA's denial of relief, this case is legally indistinguishable from Micheaux and Singleton. Accordingly, we conclude that the state habeas trial court's factual findings did not survive appellate review, so that the district court did not err when it

5

failed to defer to those findings in denying habeas relief to Walbey.

Our review cannot end here, however. Our having established that the TCCA did not adopt the factual findings of the state habeas trial court presents the question whether the TCCA resolved all disputed factual issues in its opinion denying habeas relief. We must therefore ascertain whether counsel's actions were "strategic and reasonable are questions of fact. . . ." United States v. Cockrell, 720 F.2d 1423, 1426 (5th Cir. 1983). Whether the performance of Walbey's trial counsel was deficient with respect to investigating defense strategies or preparing defense witnesses is inseparable from a factual determination whether trial counsel's testimony before the state habeas trial court was credible.

The opinion of the TCCA, which simply rejected the trial court's conclusion of ineffective assistance of counsel as unsupported by the record, is not sufficiently plain to allow a federal court to infer that the TCCA made factual findings that defense counsel was credible and that his investigation of the mitigation defense was adequate. As it contains no specific factual findings or reasoning to support its ultimate conclusion, the terse opinion of the TCCA here is the functional equivalent of a denial without written order. And, a federal court may not infer from a denial without written order that the state appellate court

6

necessarily resolved all factual issues against the petitioner. Goodwin v. Johnson, 132 F.3d 162, 182, 184 n.17 (5th Cir. 1998).

As the state habeas trial court's proposed factual findings did not survive appellate review, and as the opinion of the TCCA did not resolve the factual dispute regarding trial counsel's credibility and his investigation of the mitigation defense, we must remand to the district court for it to conduct a de novo evidentiary hearing into Walbey's claims that counsel was ineffective for those asserted failures at the punishment phase of his trial. See Singleton, 178 F.3d at 385. Accordingly, the judgement of the district court denying Walbey's habeas application under § 2254 is vacated, and the case is remanded to that court with instructions to conduct a de novo evidentiary hearing consistent with this opinion.

VACATED and REMANDED with instructions.