United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 6, 2005**

Charles R. Fulbruge III
Clerk

REVISED AUGUST 16, 2005

In the

# United States Court of Appeals
## for the Fifth Circuit

m 04-10651

KEITH JORDAN,

Petitioner-Appellee,

VERSUS

DOUG DRETKE,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, SMITH, and DEMOSS,
 Circuit Judges.

JERRY E. SMITH, Circuit Judge:

 In this habeas corpus proceeding we con-
sider whether the district court erred in grant-
ing relief to Texas prisoner Keith Jordan on
the basis of pretrial ineffective assistance of
counsel. Concluding that the district court
was in error, we reverse the grant of habeas
corpus relief and remand so the balance of
Jordan's claims can be considered.

I.
A.

Jordan was indicted in November 1996 for aggravated sexual assault of a child. The state offered a plea bargain of ten years' deferred adjudication probation and a fine of $500. For reasons we will discuss, Jordan failed to enter a timely plea, and the state ultimately withdrew the plea offer in September 1997. A month later Jordan was indicted for aggravated kidnaping arising from the same incident as the aggravated sexual assault charge.

Jordan pleaded not guilty on both counts and was convicted by a jury, which assessed thirty years' imprisonment for aggravated sexual assault of a child and twenty years for aggravated kidnaping. Both convictions were affirmed on direct appeal, *see Jordan v. State*, Nos. 05-97-02030-CR, 05-97-02031-CR (Tex. App.—Dallas, 1999, no pet.).

Jordan filed two petitions for habeas corpus relief in state court, one challenging the legality of his conviction for aggravated sexual assault of a child; the other challenging his custody under his conviction of aggravated kidnaping. Both petitions contained the same substantive claims, which center on the contention that Jordan's counsel provided ineffective assistance under the Sixth Amendment during the plea bargaining process and at trial. Jordan alleged that counsel's representation was constitutionally deficient in five respects, the first being the failure to inform him that the state's plea bargain offer on the aggravated sexual assault charge would be withdrawn if he did not complete a pre-sentence investigation and formally enter his plea by the state's deadline.

Jordan also maintained that counsel (1) had erroneously advised him and argued to the jury that under Texas law his alleged mistake of fact concerning the complaining witness's age (*i.e.*, that she was 18 years old) was a valid defense to aggravated sexual assault of a child; (2) failed to challenge either the factual basis or reliability of expert testimony of a police officer presented by the state; (3) did not object to allegedly improper bolstering of the complaining witness's testimony at trial; and (4) failed to object to allegedly prejudicial jury instructions at the punishment phase regarding the amount of time Jordan would have to serve before being eligible for release. Jordan further claimed that the state had withheld impeachment evidence in contravention of its due process obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

After an evidentiary hearing before the same judge who had presided over the trial, the state habeas trial court entered two separate orders containing identical findings of fact and conclusions of law, *see Ex Parte Jordan*, No. W96-78296-P(A) (203rd Dist. Ct., Dallas County, Tex., June 28, 2001) (aggravated sexual assault of a child); *Ex Parte Jordan*, No. W97-03223-P(A) (203rd Dist. Ct., Dallas County, Tex., June 28, 2001) (aggravated kidnaping). The court made the following findings regarding the plea-bargaining process: The prosecutor initially responsible for handling the aggravated sexual assault of a child charge against Jordan had made a plea offer of ten years' deferred adjudication probation in exchange for a guilty plea. When a new prosecutor was assigned to the case in May 1997, this plea offer had been on the table for more than three months. Defense counsel told the new prosecutor that Jordan would accept the plea but did not want to register as a sex offender; the prosecutor agreed that they could leave that condition for the court to decide.

The offer then remained on the table for another four months, but Jordan failed to com-

2

plete the necessary pre-sentence investigation required by the probation department. At that point, the prosecutor informed counsel that Jordan had three weeks to accept the plea, and thus complete the requisite investigatory report, or the offer would be withdrawn. Counsel did not communicate to Jordan that there was a deadline within which he had to complete the pre-sentence investigation and enter his plea; Jordan failed to complete the report and enter a plea, and the prosecutor withdrew the offer.[1] The prosecutor later obtained an additional indictment for aggravated kidnaping arising from the same episode as the aggravated sexual assault charge.

Based on these facts, the state habeas trial court determined that "counsel was ineffective for failing to fully communicate the limits of the plea bargain agreement with [Jordan] and due to her actions, the State withdrew the favorable plea offer and indicted [Jordan] for an additional offense." In addition, the court sustained each of Jordan's other specific ineffective assistance claims and his *Brady* claim concerning the criminal history of the complaining witness. As a result, the court recommended to the Texas Court of Criminal Appeals that Jordan be granted habeas relief on his convictions of aggravated sexual assault of a child and aggravated kidnaping.

The Court of Criminal Appeals accepted the state habeas trial court's recommendation that Jordan was entitled to habeas relief on his conviction of aggravated sexual assault of a child on the basis of ineffective assistance during the plea process. The court stated:

> Applicant contends, *inter alia*, that his attorney failed to inform him of the deadline for accepting the State's plea offer of ten years deferred adjudication probation, and a $500 fine.

> In the instant cause, the record reflects that the State made an offer of ten years deferred adjudication probation, in return for a plea of guilty to aggravated sexual assault. The trial court found that Applicant accepted the plea offer, but counsel failed to inform Applicant that he needed to complete the PSI by the State's deadline, or the offer would be withdrawn. The trial court has recommended that relief be granted. We agree with this recommendation.

*Ex Parte Jordan*, No. 74, 201 (Tex. Crim. App. Oct. 24, 2001) (per curiam) (unpublished). Accordingly, the court granted habeas relief and vacated Jordan's conviction of aggravated sexual assault of a child.[2] The court did not, however, accept the habeas trial court's recommendation as to the aggravated kidnaping conviction; the same day it issued its opinion granting relief on the aggravated sexual assault conviction, it denied without written order habeas relief on the conviction of aggravated kidnaping.[3]

---

[1] The court also found that "[w]hen [Jordan] was told the offer was withdrawn, he asked his attorney to 'get it back.' He would have accepted the offer even if it required sexual offender registration."

[2] Having granted relief on this ground, the court dismissed as moot the balance of Jordan's claims.

[3] The record on appeal contains a photocopy of the notice sent to Jordan by the Court of Criminal Appeals, which bears Cause No. 49, 872-02 and provides in full: "This is to advise that the Court has denied without written order the application for writ of habeas corpus."

### B.

Jordan then filed a petition for writ of habeas corpus in federal district court, pursuant to 28 U.S.C. § 2254, challenging the legality of his custody under the conviction of aggravated kidnaping. He sought relief on each of the ineffective assistance grounds and the *Brady* claim raised in his state writ. Relying on the facts as found by the state habeas trial court, the magistrate judge determined that "but for counsel's ineffective pretrial performance, Petitioner would have accepted the plea bargain, would have received only a ten year probated sentence and would not have been charged with, or convicted of, aggravated kidnaping."

Convinced of this causal link, the magistrate judge determined that Jordan had proven, by a preponderance of the evidence, deficient performance and prejudice related to counsel's pretrial representation. The magistrate judge thus concluded that the Court of Criminal Appeals' denial of habeas relief on Jordan's aggravated kidnaping conviction was factually unreasonable, as well as directly contrary to and an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the magistrate judge recommended that the district court grant habeas relief on the conviction of aggravated kidnaping.[4]

The state filed written objections to the magistrate judge's report, central among them being the contention that the state habeas record does not support the finding that had Jordan timely accepted the plea bargain offer on the aggravated sexual assault charge, he would not have been charged with aggravated kidnaping. The federal district court overruled the state's objections and adopted the findings and conclusions of the magistrate judge's report. In doing so, the court acknowledged that "no direct evidence on this issue was presented" at the state habeas hearing but nevertheless found that "the record as a whole" supported the conclusion that the aggravated kidnaping charge was itself part of the prejudice flowing from counsel's ineffective assistance on the plea to the aggravated sexual assault charge. The district court therefore entered judgment granting Jordan federal habeas relief from his conviction of aggravated kidnaping.

### II.
### A.

Jordan sought federal habeas relief in the district court from a state-court judgment of conviction; hence our review is highly circumscribed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214. Under AEDPA, a petition for writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court unless the petitioner can demonstrate that the state court resolution of his case was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). *See Miller-El v. Dretke*, 125 S. Ct. 2317, 2325 (2005).[5]

---

[4] The magistrate judge did not consider whether counsel's performance at trial or Jordan's *Brady* claim otherwise provided a basis for relief.

[5] Neither party disputes that Jordan's claim for ineffective assistance of counsel during the pretrial process was adjudicated on the merits by the (continued...)

4

As we have explained, "[b]ecause a federal habeas court only reviews the reasonableness of the state court's ultimate decision, the AEDPA inquiry is not altered when, as in this case, state habeas relief is denied without an opinion." *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003).[6] Rather, in such a situation, "our court: (1) assumes that the state court applied the proper 'clearly established Federal law'; and (2) then determines whether its decision was 'contrary to' or 'an objectively unreasonable application of' that law." *Id.* (citing *Catalan v. Cockrell*, 315 F.3d 491, 493 & n.3 (5th Cir. 2002)).

### B.

Because Jordan seeks relief on the basis of ineffective assistance of counsel, the "clearly established Federal law" against which we measure the state court's denial of relief is the standard set forth in *Washington*. To establish ineffective assistance, a petitioner must demonstrate that counsel's performance was defi-

---

[5](...continued) Court of Criminal Appeals. Our cases recognize that, under Texas law, a denial of relief, as distinguished from a dismissal, by that court constitutes an adjudication on the merits. *See, e.g.*, *McCall v. Dretke*, 390 F.3d 358, 362 n.12 (5th Cir. 2004); *Bledsue v. Johnson*, 188 F.3d 250, 256-57 & n.12 (5th Cir. 1999); *see also Ex Parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits.").

[6] *See also Neal v Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) ("It seems clear to us that a federal habeas court is authorized . . . to review only a state court's 'decision,' and not the written opinion explaining that decision.").

cient and that this deficient performance resulted in prejudice. *Id.* at 687. Stated generally, the prejudice prong requires a petitioner to demonstrate that "but for counsel's unprofessional errors, the result would have been different." *Id.* at 694. Insofar as ineffective assistance claims arising from the pretrial process are concerned, this general prejudice showing includes two specific lines of cases: First, there are claims that, but for counsel's pretrial errors, the petitioner would not have pleaded guilty and would have insisted on going to trial, *see, e.g.*, *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); and second, there are claims that, but for counsel's pretrial errors, the petitioner would have pleaded guilty and received a lesser sentence, *see, e.g.*, *Teague v. Scott*, 60 F.3d 1167, 1170 & n.13 (5th Cir. 1995) (collecting cases).

Jordan's claim of pretrial ineffective assistance of counsel with respect to his conviction of aggravated sexual assault is in the second category; his claim was that but for counsel's failure to inform him of the deadline for completing the pre-sentence report, he would have accepted the plea and received ten years deferred adjudication, rather than the thirty-year sentence imposed at trial. But the claim on which Jordan now seeks relief with respect to his conviction of aggravated kidnaping is different in kind: He maintains that, but for counsel's deficient representation, he would have accepted the state's plea to the aggravated sexual assault charge and would not have been charged with the additional offense. Though we have not been directed to (nor has our own research revealed) any case in which the prejudice alleged is the state's discretionary decision to charge a defendant with an additional offense, we assume for present purposes that such a claim affords a cognizable basis for an ineffective assistance claim, one to

be measured against the general prejudice requirement (*i.e.*, but for counsel's errors, "the result would have been different."). We thus turn to the merits and consider whether the district court erred in granting habeas relief.

### III.
### A.

As we indicated, the magistrate judge's report, which was adopted by the district court, concluded that the Court of Criminal Appeals' denial of relief was contrary to and an unreasonable application of clearly established federal law, and was based on an unreasonable determination of the facts. Under the "contrary to" clause of 28 U.S.C. § 2254(d)(1), however, a federal court's power to grant habeas relief is limited to instances in which "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

Jordan does not suggest that the Court of Criminal Appeals' denial of relief on his pretrial ineffective assistance claim was "contrary to" clearly established federal law under this standard. Nor did the magistrate judge or district judge identify a direct conflict between the state court's denial of relief and controlling Supreme Court authority on materially indistinguishable facts.[7] Accordingly, we reject

------

[7] Indeed, in light of the heteroclite nature of this case and the specific ineffective assistance claim being advancedSSwhere the prejudice alleged is the state's discretionary decision to indict a defendant for an additional offenseSSit is little surprise that there is no Supreme Court precedent directly on

the district court's conclusion that the state court's denial of relief was "contrary to" clearly established federal law.

### B.

Therefore, we turn our attention to the district court's conclusion that the Court of Criminal Appeals' denial of relief amounted to an unreasonable application of the *Washington* standard to the facts at hand. In doing so, we must bear in mind that, as a federal court bound by AEDPA, "we have no authority to grant habeas corpus relief simply because we conclude, in our independent judgment, that a state supreme court's application of [*Washington*] is erroneous or incorrect." *Neal*, 286 F.3d at 236. Rather, when a state court's application of federal law is challenged, "it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (per curiam).

### 1.

The state does not appear to contest that Jordan's counsel was constitutionally deficient in failing to inform him of the deadline for accepting the state's plea on the charge of aggravated sexual assault of a child. Indeed, as Jordan emphasizes, the Court of Criminal Appeals granted relief on account of the same deficient performance on his conviction of aggravated sexual assault of a child. Logic suggests, therefore, that a rejection of Jordan's showing of deficient performance does not account for that court's denial of relief on Jordan's pretrial ineffective assistance claim as it relates to his kidnaping conviction.

------

[7](...continued)
point.

2.

Thus, our focus narrows to the prejudice prong; we must consider whether, to the extent the Court of Criminal Appeals denied relief on account of its rejection of Jordan's showing of prejudice, that denial of relief was reasonable. Jordan argues it was unreasonable because, in granting relief on his aggravated sexual assault conviction, the Court of Criminal Appeals adopted the findings of the state habeas trial court; and, as we noted, one of those determinations was that "due to [counsel's] actions, the State withdrew the favorable plea offer and indicted [Jordan] for an additional offense." Therefore, Jordan reasons, the state habeas trial court foundSSand the Court of Criminal Appeals acceptedSS that the aggravated kidnaping charge was part of the prejudice flowing from counsel's deficient performance.

Contrary to Jordan's assertion, the Court of Criminal Appeals did not adopt the state habeas trial court's determination of prejudice in granting relief on his conviction of aggravated sexual assault of a child. In its opinion granting relief, the Court of Criminal Appeals noted that

> [i]n the instant cause, the record reflects that the State made an offer of ten years deferred adjudication probation, in return for a plea of guilty to aggravated sexual assault. The trial court found that Applicant accepted the plea offer, but counsel failed to inform Applicant that he needed to complete the PSI by the State's deadline, or the offer would be withdrawn.

Beyond these specific factual findings based on the record developed in the habeas trial court, the Court of Criminal Appeals observed that the trial court had recommended relief be granted; that it agreed with that recommendation; and that the balance of Jordan's claims were thus rendered moot.

No fair reading of this opinion suggests that the Court of Criminal Appeals *necessarily* adopted the habeas trial court's determination of prejudice as it relates to the kidnaping charge. Rather, because the Court of Criminal Appeals specifically identified the record facts on which it based its grant of relief on the sexual assault conviction, and because the habeas trial court's determination of prejudice as it relates to his kidnaping charge was not a necessary premise for that grant of relief but is instead ultimately inconsistent with the denial of relief on the kidnaping conviction, the Court of Criminal Appeals did not adopt this finding.[8]

Thus, we agree with the state's contention that the district court erred to the extent it relied on the state habeas trial court's determination of prejudice as a sufficient basis for concluding that Jordan had made the requisite showing of prejudice. In any event, the prejudice inquiry is a mixed question of law and fact on which federal courts do not ultimately defer to state court findings.[9] Accordingly, we must

---

[8] *Cf. Micheaux v. Collins*, 944 F.2d 231, 232 (5th Cir. 1991) (en banc) (per curiam) ("Not only were the 'proposed findings' [of the state habeas trial court] not adopted or incorporated in the action of the Texas Court of Criminal Appeals, they are directly inconsistent with that court's peremptory denial of relief. We conclude that the proposed findings did not survive scrutiny by the Texas Court of Criminal Appeals, the final decision-maker in Texas habeas cases.").

[9] *See, e.g.*, *Westley v. Johnson*, 83 F.3d 714, 720-21 (5th Cir. 1996); *Motley v. Collins*, 18 F.3d (continued...)

determine whether, given the evidence presented in the state habeas proceeding, the district court properly found that the Court of Criminal Appeals' denial of relief was objectively unreasonable.

### 3.

As we noted, in granting relief and overruling the state's objection to the magistrate judge's report that Jordan had not sufficiently demonstrated prejudice, and therefore that the denial of relief was reasonable, the district court correctly acknowledged that no direct evidence of prejudice was presented at the state habeas hearing. Yet, the district court concluded that "the record as a whole" supports Jordan's claim of prejudice.

We do not share the district court's view of the record. Indeed, we note that neither the district court nor the magistrate judge identified any testimony from the state habeas hearing, at which the prosecutor who withdrew the offer and obtained the kidnaping indictment testified, that supports Jordan's claim that he would not have been charged with aggravated kidnaping but for counsel's deficient performance. Rather, the district court focused on the fact that the prosecutor testified that he withdrew the plea offer, in part, because Jordan did not complete the pre-sentence investigation, as well as the fact that the aggravated kidnaping charge was obtained after the plea was withdrawn and concerned the same conduct as the aggravated sexual assault charge.

But none of these observations truly substantiates the further proposition on which Jordan's entitlement to habeas relief ultimately

dependsSSnamely, that he would not have otherwise been charged with aggravated kidnaping. On this score, the district court noted only that the state had not demonstrated that the prosecutor would have sought the additional charge. In doing so, however, the court improperly placed on the state the burden of disproving prejudice, when then burden of affirmatively proving prejudice properly rests with Jordan.[10]

So, although Jordan maintains that, as he puts it, it "blinks reality"[11] to suggest that the prosecutor would have in any event sought the kidnaping conviction, and the district court hypothesized about what was the "more likely occurrence," we cannot merely assume prejudice. This is especially so where the record from the state habeas hearing does contain some testimony indicating that the prosecutor may well have obtained the kidnaping indictment regardless of the status of the aggravated sexual assault plea.

In fact, the prosecutor testified that he was not the first prosecutor on the case and that in light of the "seriousness of the offense," he did not think this was "a probation case." Moreover, he believed the only reason the plea offer was initially made "was because the complainant was scared to testify," but that he had gained her confidence and she was prepared to testify against Jordan.

We cannot say with any degree of certainty whether the prosecutor would have obtained

---

[9](...continued) 1223, 1226 & n.2 (5th Cir. 1994); *see also Washington*, 466 U.S. at 698.

[10] *See, e.g.*, *Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir. 2000); *Martin v. Maggio*, 711 F.2d 1273, 1279 (5th Cir. 1983).

[11] *See Miller-El*, 125 S. Ct. at 2340 (also using the phrase "blinks reality").

the aggravated kidnaping indictment had Jordan's counsel informed him of the plea deadline on the aggravated sexual assault charge and thus enabled him to accept that plea. But this is so because Jordan never asked at the state habeas hearing. It is his burden affirmatively to demonstrate prejudice, and we reject, as somehow coextensive with the prejudice requirement under the Sixth Amendment, the *post hoc ergo propter hoc* logic that animates much of Jordan's argument and the district court's grant of relief.

In any event, even if this sparse record evidence could be said to be sufficient for Jordan to demonstrate prejudice, it is certainly not such that the Court of Criminal Appeals' denial of relief can be said to have been not just erroneous but objectively unreasonable. Thus, in light of the evidence presented in the state court proceedings, the Court of Criminal Appeals reasonably could have concluded that, even though Jordan's counsel was constitutionally ineffective, Jordan did not sufficiently demonstrate prejudice as it relates to his conviction of aggravated kidnaping.[12]

Therefore, we REVERSE the district court's judgment granting Jordan's petition for a writ of habeas corpus on the basis of pretrial ineffective assistance of counsel. Because, however, that court did not consider whether Jordan's claims regarding counsel's representation at trial or his *Brady* claim otherwise entitle him to relief, we REMAND so these claims may be considered. We express no opinion on the merit *vel non* of those other claims.

---

[12] Relatedly, given our view of the record, we likewise reject the district court's conclusion that the Court of Criminal Appeals' denial of relief was factually unreasonable in light of the evidence presented in the state habeas proceedings. *See* 28 U.S.C. § 2254(d)(2).