IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 02-10373
_____

MOISES MONDRAGON CATALAN,

Petitioner-Appellee,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

December 18, 2002

Before JOLLY, DUHÉ and WIENER, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Janie Cockrell ("Cockrell") appeals the district court's grant of habeas relief to Moises Catalan ("Catalan"). Cockrell argues that the district court erred in adopting the magistrate judge's finding that Catalan's trial counsel and initial appellate counsel rendered ineffective assistance and in granting habeas relief previously denied by the Texas courts. We affirm the judgment of the district court.

I.

Catalan and his brother Felipe were charged with aggravated assault stemming from an altercation with members of the Navarro

family, during which Felipe shot Robert Navarro. Catalan and Felipe were jointly represented by Joe Montemayor ("Montemayor") until the day of trial, at which time the district court judge became concerned that Montemayor's representation of both Catalan and Felipe presented a conflict of interest. Because of this concern, the judge appointed Thomas Grett ("Grett") to represent Catalan. Grett did not request the ten-day preparation period for appointed counsel that is provided under Article 1.051(e) of the Texas Code of Criminal Procedure.[1] Instead he consulted with Catalan and Montemayor for less than an hour before proceeding to trial. He conducted no investigation and was apparently unaware of facts and evidence helpful to Catalan's defense. In conducting the trial, Grett relied on the decisions of Montemayor. Because of this reliance and his ignorance of the facts of the case, Grett did not impeach the victim on cross examination with prior inconsistent testimony that Catalan was a mere bystander to the assault. Catalan was subsequently convicted of aggravated assault. On direct appeal, Catalan's appellate counsel did not raise the issue of Grett's failure to request the ten-day preparation time. Catalan did raise the issue in his state habeas petition. The state court denied habeas relief without issuing a written opinion. Catalan raised the issue in his federal habeas petition, which was

---

[1] "An appointed counsel is entitled to 10 days to prepare for a proceeding but may waive the preparation time with the consent of the defendant in writing or on the record in open court."

referred to a magistrate judge.  After conducting an evidentiary hearing, the magistrate entered his findings which the district court adopted.

## II.

We review findings of fact for clear error and issues of law <u>de novo</u> using the same standards as the district court.  <u>Barrientes v. Johnson</u>, 221 F.3d 741, 750 (5th Cir. 2000).  The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a federal court may only grant habeas relief if the state court decision under review "was contrary to or involved an unreasonable application of clearly established federal law."  28 U.S.C. § 2254(d)(1).  The clearly established federal law that sets the standard for ineffective assistance claims is <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

## III.

To establish ineffective assistance under <u>Strickland</u>, a petitioner must show that his lawyer's performance was deficient and that the deficient performance prejudiced his defense. Applying this standard, the district court found that Grett provided ineffective assistance by failing to request the ten-day extension, failing to procure his client's consent to the waiver of the ten-day period, and relying solely on information provided to him by Montemayor.

For essentially the same reasons given by the magistrate judge and adopted by the district court, we agree that Grett's

performance was clearly deficient and prejudicial to Catalan.[1]

However, the ultimate question is whether the district court can grant relief in this case that was denied by the Texas courts. AEDPA provides that a federal court may only grant habeas relief if the state court decision denying relief "was contrary to or involved an unreasonable application of clearly established federal law."   28 U.S.C. § 2254(d)(1).

The Texas court did not refer to Strickland at all in denying habeas relief.  This could be an indication that the court either acted contrary to or misapplied clearly established federal law. However, we have held that under the deferential standard of AEDPA, we review only the state court's decision, not its reasoning or written opinion, to determine whether it is contrary to or a misapplication of clearly established federal law.  Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002)(en banc).  "We have no authority to grant habeas corpus relief simply because we conclude, in our independent judgment, that a state supreme court's application of Strickland is erroneous or incorrect."  Id. at 236. If the Texas court identified Strickland as the applicable federal law in this case, we must determine whether the decision resulting from the state court's application of federal law was an unreasonable misapplication of the law.  Id.

---

[1] Because we find ineffective assistance with respect to Grett, we do not reach the issue of appellate counsel's performance.

Assuming that the Texas court applied Strickland in denying relief in this case, we find that its application of Strickland was objectively unreasonable.[1]  Grett failed to request the ten days provided by statute to prepare for trial; therefore, he was unaware of and unable to introduce evidence in favor of Catalan.  Most importantly he relied entirely on the decisions of Montemayor, an attorney with a clear conflict of interest who had been removed from representing Catalan.  We agree with the district court that "considering the conflicting evidence adduced at trial and the complainant's prior inconsistent statement that the jury never heard, there can be no doubt the petitioner was prejudiced by the deficient performance of his trial attorney."  Grett's failure to prepare for trial, his reliance on conflicted counsel, and his resulting failure to introduce evidence favorable to his client presents such a clear case of deficient performance and prejudice under Strickland that the Texas court's denial of relief in this case was an objectively unreasonable application of clearly established federal law.

For the foregoing reasons, the judgment of the district court granting habeas relief in this case is

AFFIRMED.

---

[1]Because there is no written opinion, we cannot be sure that the Texas court was applying Strickland.  However, the briefs of the parties to the state court centered around the Strickland analysis.  We assume that the Texas court was aware of and applied Strickland.