United States Court of Appeals

Fifth Circuit

**F I L E D**

**August 15, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-50215

DAVID SCHAETZLE,

Petitioner-Appellee,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before JOLLY, WIENER, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

Texas prisoner David Schaetzle was granted conditional federal habeas relief based on his claim of ineffective assistance of counsel on direct appeal. Consistent with the standard of review mandated by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2241 *et. seq.*, at issue is whether the Texas Court of Criminal Appeals, without an opinion, unreasonably applied clearly established federal law in denying the following state habeas claim: that, on direct appeal, Schaetzle's counsel was ineffective by failing to challenge the sufficiency of the evidence for the retributory intent element required by Texas Penal Code §

36.06 (retaliation against public servant).  *See* 28 U.S.C. § 2254(d)(1); *e.g., **Catalan v. Cockrell***, 315 F.3d 491, 493 & n.3 (5th Cir. 2002) (where no written opinion by state habeas court, we assume proper law applied and review to determine whether such application was "objectively unreasonable").  **JUDGMENT VACATED; HABEAS RELIEF DENIED**.

                                I.

While cleaning his cell in the Travis County jail in February 1998, Schaetzle threw a bag of garbage from the upper to the lower tier of the cell block.  As a result, Officer Spriegel ordered Schaetzle to be locked in his cell earlier than usual;  Schaetzle became angry; the Officer told Schaetzle that, if he failed to obey, he would receive a 23-hour lockdown as punishment; and the Officer ordered Schaetzle to meet with him.

After Schaetzle ran to the Officer's location, he told Schaetzle to follow him to another area in order to confer.  There, Schaetzle threatened Officer Spriegel by saying he would look him (the Officer) up "on the outside" when Schaetzle was released in one month.

Officer Spriegel reiterated to Schaetzle that, if his conduct continued, he would be locked down for 23 hours.  They then walked toward Schaetzle's cell unit, with Schaetzle in front. Schaetzle spun  around  abruptly.   Startled,  Officer  Spriegel  grabbed Schaetzle's shirt, attempting to turn him around; Schaetzle struck

                                2

the Officer; in an attempt both to avoid being struck and to restrain Schaetzle, the Officer wrapped his arms around Schaetzle; when Schaetzle continued to strike the Officer, he pushed Schaetzle away; and another Officer came to the scene and subdued Schaetzle.

Schaetzle was charged with both *assault on*, and *retaliation against*, a public servant. A jury convicted him on the retaliation, but not the assault, charge. Because of enhancements, Schaetzle was sentenced to 33-years imprisonment.

On direct appeal, Schaetzle's counsel presented one issue: whether the State violated Texas' mandatory ten-day trial preparation period, TEX. CODE CRIM. PROC. ANN. § 1.051(e), by making minor changes to the indictment six days before trial. The Court of Appeals in Austin affirmed. *Schaetzle v. State*, No. 03-98-00668-CR (Tex. App.—Austin 1999) (unpublished). The Texas Court of Criminal Appeals accepted an out-of-time petition for discretionary review, but refused review. *Schaetzle v. State*, PDR No. 0888-00 (Tex. Crim. App. 30 August 2000) (per curiam) (unpublished).

Schaetzle sought state habeas review on a number of issues, including ineffective assistance of appellate counsel. The habeas trial court found an evidentiary hearing was unnecessary. (The State filed an affidavit by Schaetzle's counsel on direct appeal, stating she did not believe the evidence was factually or legally insufficient.) The court found the habeas application "contains no sworn allegation of fact which ... would render [Schaetzle's]

3

confinement illegal, and ... [Schaetzle] has not met his burden of establishing facts which would entitle him to relief". ***Ex parte Schaetzle***, No. 98-3739-B (Travis County District Court 15 Oct. 2001).

The Texas Court of Criminal Appeals "denied [the application] *without written order* on findings of [the] trial court without a hearing". ***Ex parte Schaetzle***, App. No. 30,103-06 (Tex. Crim. App. 21 Nov. 2001) (emphasis added).

Pursuant to 28 U.S.C. § 2254, Schaetzle applied for federal habeas relief, presenting numerous claims, including two for ineffective assistance of counsel on direct appeal (appellate counsel). The magistrate judge recommended denying all claims except the one for ineffective assistance of counsel (IAC) based on appellate counsel's not challenging the sufficiency of the evidence for the retributory intent element of Texas Penal Code § 36.06. ***Schaetzle v. Cockrell***, No. A-02-CA-259-JN (W.D. Tex. 19 Dec. 2002) (Magistrate Judge Report and Recommendation).

The district court adopted the recommendations and granted conditional habeas relief on the IAC claim concerning appellate counsel and § 36.06. ***Id***., No. A-02-CA-259-JN (W.D. Tex. 31 Jan. 2003). Habeas relief was granted "unless the state afford[ed] [Schaetzle] an out-of-time direct appeal with the assistance of competent counsel for the purposes of raising the legal sufficiency of the evidence issue [concerning § 36.06]".

4

After the district court denied the State's motion to stay the judgment, it requested similar relief from our court. We granted a stay, ordered an expedited appeal, and appointed counsel for Schaetzle.

## II.

In reviewing a ruling on the merits of a habeas claim, the district court's findings of fact are reviewed for clear error; its conclusions of law, *de novo*. *E.g.*, **Foster v. Johnson**, 293 F.3d 766, 776 (5th Cir.), *cert. denied*, 123 S. Ct. 625 (2002). The heightened standards of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 *et seq.*, apply. Accordingly, relief cannot be granted unless the challenged state court proceeding resulted in: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States", 28 U.S.C. 2254(d)(1); or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding". 28 U.S.C. 2254(d)(2).

Only subpart (d)(1) (unreasonable application of clearly established federal law) is at issue. Under that subpart, "'unreasonable' does not mean merely 'incorrect': an application of clearly established Supreme Court precedent must be incorrect *and* unreasonable to warrant federal habeas relief". **Foster**, 293

F.3d at 776 (emphasis in original) (citing *Williams v. Taylor*, 529 U.S. 362, 410-12 (2000)).

Because a federal habeas court only reviews the reasonableness of the state court's ultimate decision, the AEDPA inquiry is not altered when, as in this case, state habeas relief is denied without an opinion. *E.g., Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001), *cert. denied*, 535 U.S. 982 (2002). *See Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) ("It seems clear to us that a federal habeas court is authorized by [§] 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision."), *cert. denied*, 123 S. Ct. 963 (2003). For such a situation, our court: (1) assumes that the state court applied the proper "clearly established Federal law"; and (2) then determines whether its decision was "contrary to" or "an objectively unreasonable application of" that law. *Catalan*, 315 F.3d at 493 & n.3 (quotation omitted); *see Robertson v. Cain*, 324 F.3d 297, 303 (5th Cir. 2003) (assuming state court was aware of relevant Supreme Court decisions, although not cited in its opinion). The magistrate judge's report and recommendation, discussing *Neal* and *Catalan* (the latter rendered only the day before the recommendation), recognized this controlling standard in no-state-opinion cases.

For Schaetzle's IAC claim concerning appellate counsel, the applicable "clearly established Federal law as determined by the

6

Supreme Court of the United States" — against which to measure the state court's decision — is found in *Strickland v. Washington*, 466 U.S. 668 (1984) (interpreting Sixth Amendment right to counsel). *E.g.*, *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (applying *Strickland* to IAC claim concerning appellate counsel). To succeed in state habeas court on his IAC claim, pursuant to the "clearly established Federal law" found in *Strickland*, Schaetzle was required to show, as discussed *infra*: (1) appellate counsel's performance was deficient; *and* (2) this performance resulted in prejudice. *Strickland*, 466 U.S. at 687.

It bears repeating that the test for federal habeas purposes is *not* whether Schaetzle made that showing. Instead, the test is whether the state court's decision — that Schaetzle did *not* make the *Strickland*-showing — was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his IAC claim. Of course, in reaching our decision, we must consider the underlying *Strickland* standards.

Schaetzle was convicted under Texas Penal Code § 36.06, which, *inter alia*, prohibits retaliation against a public servant, as follows:

> A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act: (1) in retaliation for or on account of *the service*

7

> *or status of another* as a: (A) public servant
> ....

(Emphasis added.)

The Texas Courts of Appeals are split in their interpretation of this statute. Consistent with the language of § 36.06, all of those courts require showing that the unlawful act was "in retaliation for or on account of the service or status" of a public servant (retributory intent element). (As discussed *infra*, § 36.06 was amended in 1997. Before then, § 36.06 proscribed retaliation only on the account of another's "service".)

Certain of those courts require that this retributory intent be based on duties "already performed" by the public servant; on the other hand, others allow the retributory intent to be formed contemporaneously with the discharge of those duties. *See* **Wright v. State**, 979 S.W.2d 868, 869 (Tex.App.—Beaumont 1998) (noting **Riley v. State**, 965 S.W.2d 1, 2 (Tex.App.—Houston 1997), required "a retributive attack for duties already performed", while **Stafford v. State**, 948 S.W.2d 921, 923-24 (Tex.App.—Texarkana 1997), and **McCoy v. State**, 932 S.W.2d 720, 724 (Tex.App.—Fort Worth 1996), upheld convictions based upon a single incident); *Id*. at 870-71 (Burgess, J. dissent) (phrasing distinction as whether § 36.06 requires an unlawful act *while* a public servant discharged duties as opposed to *because* they had been performed).

8

Although the Austin Court of Appeals has not ruled on the already-performed-*vel-non* issue, it has recognized this question exists regarding the retributory intent element. ***Mullins v. State***, No. 03-97-00172-CR, 1998 WL 393983 (Tex. App.—Austin 16 July 1998) (unpublished). Schaetzle contends his counsel on direct appeal should have raised the sufficiency of evidence on this element because the issue was "open" in the Austin Court of Appeals.

In both the state and federal proceedings, the State submitted the earlier-referenced affidavit from Schaetzle's appellate counsel, which states: "[Appellate counsel] believed (and still believe[s]) the record contains legally and factually sufficient evidence to support [Schaetzle's] conviction of retaliation so [she] did not raise a sufficiency point on appeal"; the indictment-modification point raised on appeal "was the only error which [she] believed was supported by the record"; and "[o]ther than [an] error which was corrected by a previous writ, [she] believe[s] [Schaetzle] was well represented by [her] on appeal".

As noted, the state habeas trial court found an evidentiary hearing was not necessary and recommended:

> [T]he instant Application contains no sworn allegation of fact which requires resolution or which, if true, would render Applicant's confinement illegal, and further finds that the applicant has not met his burden of establishing facts which would entitle him to relief.

9

As also noted, the Court of Criminal Appeals denied the application "without written order on findings of [the] trial court without a hearing".

A.

For the IAC claim, in state habeas court, both **Strickland** prongs had to be satisfied:  deficient performance and prejudice. In order for the state habeas court to have found deficient performance, Schaetzle's appellate counsel had to have been objectively unreasonable in failing to present the sufficiency issue.  **Robbins**, 528 U.S. at 285.  "Judicial scrutiny of counsel's performance [is] highly deferential." **Strickland**, 466 U.S. at 689. There is a strong presumption that counsel's actions are reasonable; accordingly, counsel's conduct is evaluated from her perspective at the time of appeal.  **Id**.

Counsel need not raise every nonfrivolous ground of appeal, but should instead present "[s]olid, meritorious arguments based on directly controlling precedent".  **United States v. Williamson**, 183 F.3d 458, 463 (5th Cir. 1999).

> Such directly controlling precedent is rare. Often, factual differences will make authority easily distinguishable, whether persuasively or not.  In such cases, it is not necessarily providing ineffective assistance of counsel to fail to construct an argument that may or may not succeed.  But failure to raise a discrete, purely legal issue, where the precedent could

10

> not be more pellucid or applicable, denies
> adequate representation.

*Id*. at 463 n.7.

Relying on *In re M.M.R.*, 932 S.W.2d 112 (Tex.App.—El Paso 1996), and *Riley*, which both require retaliation for duties *already performed*, Schaetzle asserts his counsel was deficient for failing, on direct appeal, to raise a sufficiency challenge to the retributory intent element, claiming there was insufficient evidence to establish he struck Officer Spriegel *because* of duties he had *already* performed. Schaetzle claims appellate counsel provides no strategic reason for failing to raise the issue on appeal. On the other hand, in her affidavit in the state habeas proceeding, appellate counsel did provide a reason for not doing so: she "believed (and still believe[s]) the record contains legally and factually sufficient evidence to support [Schaetzle's] conviction of retaliation...."

The magistrate judge's recommendation, adopted by the district judge, was that Schaetzle made the requisite showing of deficient performance. This adopted recommendation exhaustively described the split among the Texas Courts of Appeals and noted that the Austin court is open on the issue. On this point, the adopted recommendation was:

> The [State] does not articulate any strategic
> basis for appellate counsel's not including
> the argument in [Schaetzle's] direct appeal,
> nor is there one. The issue plainly should
> have been raised given the authority directly

11

> on point supporting it; the failure to raise the issue was a deficient performance by appellate counsel.

The State asserts the district court erred in holding the Court of Criminal Appeals was *unreasonable* in deciding that appellate counsel's performance was *not* deficient. It first contends: the 1997 amendment of § 36.06 was *after* the decisions on which Schaetzle relies; and this amendment broadened the retributory intent element. Next, the State contends: assuming the amendment did not alter the law on the retributory intent element, because there was *no* controlling precedent in the Austin Court of Appeals, appellate counsel did not need to raise the issue on appeal; the facts in **Riley** and **In re M.M.R.** are distinguishable, and appellate counsel could have reasonably concluded the issue had no merit; and, therefore, the Court of Criminal Appeals could have reasonably concluded counsel's performance was *not* deficient.

For the following reasons, and given the split regarding the retributory intent element of § 36.06, we conclude the Court of Criminal Appeals would not have unreasonably applied federal law had it concluded Schaetzle's counsel did not perform deficiently for failing to raise this issue on direct appeal. There was simply no "pellucid" precedent providing counsel guidance. *See* **Williamson**, 183 F.3d at 463 n.7.

First, § 36.06 was amended in 1997. Pre-amendment, it proscribed retaliation only on account of the "service" of another

12

as a public servant. Post-amendment, retaliation was proscribed on account of the "service *or status*" of another. Tex. Acts 1997, 75th Leg., ch. 239 (emphasis added). Schaetzle was charged under the amended statute. As Schaetzle contends in his brief, this amendment does not directly address the duties-already-performed issue. On the other hand, because retaliation for *status* was proscribed at the time of trial, counsel would not have been objectively unreasonable in assessing, as irrelevant, the debate over when retributory intent developed in relation to services already performed; the evidence was sufficient to convict Schaetzle for retaliation on account of the Officer's status.

In any event, even assuming the amendment did not alter the retributory intent question, there was no directly controlling precedent on it at the time of direct appeal. Neither the Austin Court of Appeals nor the Court of Criminal Appeals had decided whether intent needed to be formed as retribution for acts already performed or whether the 1997 amendment altered the retributory intent issue. As noted, in an unpublished opinion, **Mullins**, the Austin Court noted the split among Texas Courts of Appeals. It concluded, however, that the *evidence in that case was sufficient under either interpretation of § 36.06 regarding the "service" prong*. (It did not address the effect of the 1997 amendment.) This unpublished opinion hardly amounts to "pellucid or applicable" legal precedent necessary to show deficient performance.

13

Be that as it may, in the light of the facts in **Mullins**, Schaetzle's appellate counsel could have reasonably concluded the evidence was sufficient to satisfy the retaliation-on-account-of-service prong. Mullins was receiving medical care. He would constantly shout profanities and insults at his caretakers. Mullins was convicted of retaliation for threatening to kill an Officer, against whom he had previously filed grievances and received no redress.

On appeal, Mullins challenged the sufficiency of evidence, contending the remarks were made *while* the Officer performed her duties, not *because* of her having already performed those duties. The Austin Court of Appeals concluded that the State met its burden, even under a "duties already performed" standard; Mullins had previously filed grievances against the Officer and was frustrated because he received no redress.

Here, Officer Spriegel ordered that Schaetzle be returned to his cell earlier than usual. After Schaetzle became angry, the Officer informed Schaetzle that further disobedience would result in a 23-hour lockdown. Schaetzle struck Officer Spriegel *after* these events and while he was being escorted to his cell. Schaetzle's counsel on direct appeal could have reasonably concluded that, under **Mullins**, the evidence was sufficient to show Schaetzle struck the Officer in retaliation for requiring Schaetzle to be locked down early, a duty already performed.

14

Further, *In re M.M.R.* and *Riley* (upon which Schaetzle relies to show appellate counsel unreasonably failed to raise the issue) are distinguishable. In *In re M.M.R.*, a juvenile, M.M.R., was adjudicated delinquent for violating § 36.06. M.M.R. began fighting with another youth, T.R., at a halfway house. Hamilton broke up the fight; however, the two juveniles continued to exchange words and M.M.R. broke away from Hamilton to attack T.R. Hamilton restrained M.M.R.; in the struggle, M.M.R. kneed Hamilton several times. The El Paso Court of Appeals concluded that § 36.06 required a showing that the act be "on account of" the public servant's service. *In re M.M.R.*, 932 S.W.2d at 115. The evidence showed M.M.R. assaulted Hamilton "not for the purpose of retaliating against Hamilton for restraining him, but in order to escape and continue his assault against T.R.". *Id*.

Here, Schaetzle directly threatened and struck Officer Spriegel after that Officer informed Schaetzle he would have to return to his cell early and discussed consequences of his failure to comply. Unlike *In re M.M.R.*, there was no apparent purpose for striking the Officer other than to retaliate against him for having performed his duties.

In *Riley*, a prisoner was told to halt. When he refused to do so, the Officer put his arm out to bar the prisoner's way; the prisoner pushed the Officer's arm aside; the Officer pushed the prisoner against the wall; they briefly exchanged words; and the

15

prisoner struck the Officer. The Houston court, citing *In re M.M.R.*, concluded this evidence was insufficient to show retributory intent.

Unlike the prisoner in *Riley*, Schaetzle's attack occurred well after Officer Spriegel had first exercised his authority. Again, the Officer had informed Schaetzle he would be returned to his cell earlier than usual; and, although Schaetzle was angered immediately, it was not until later walking back to his unit, after a second discussion, that Schaetzle struck the Officer.

Finally, Courts of Appeals' decisions that allow retributory intent to form *while duties are being performed* all support the conclusion that the evidence was sufficient for the jury to convict Schaetzle. *E.g., Wright*, 979 S.W.2d 868 (officer assaulted by prisoner directly after officer refused to open another prisoner's cell so first prisoner could kill him); *Stafford*, 948 S.W.2d 921 (arrestee threatened to kill officer after being placed in back of patrol car); *McCoy*, 932 S.W.2d 720 (individual struck officer as officer attempted to make arrest). In the light of these cases, Schaetzle's appellate counsel could have reasonably concluded that the evidence was sufficient, and that raising the issue on appeal had no merit.

In any event, as discussed, a federal court is not to substitute its judgment for that of the state court. Rather, under AEDPA, federal habeas relief is proper only if the state habeas

16

court applied federal law in an "objectively unreasonable" manner. We hold that, even if the issue of deficient performance is debatable, the Court of Criminal Appeals could have reasonably held appellate counsel's failure to raise a sufficiency claim on the retributory intent element did *not* constitute deficient performance.

B.

In the alternative, the Court of Criminal Appeals could have reasonably concluded that, even if appellate counsel's performance was deficient, that performance was not prejudicial. Again, to obtain state habeas relief for his IAC claim, Schaetzle was required to satisfy both **Strickland** prongs: deficient performance *and* resulting prejudice.

For the prejudice prong, Schaetzle was required to show the Texas habeas court there was a *reasonable probability* that, but for counsel's deficient performance, Schaetzle would have prevailed on direct appeal. **Robbins**, 528 U.S. at 285. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." **Strickland**, 466 U.S. at 694. Thus, a court must determine the probable outcome of the appeal had counsel's performance not been deficient. **Williamson**, 183 F.3d at 463.

Counsel's performance is "viewed as of the time of counsel's conduct". **Strickland**, 466 U.S. at 690. Prejudice *vel non* is evaluated under the law at the time habeas relief is sought (the

17

current law), not the law at the time of counsel's conduct (the law at the time of appeal). *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

As noted, the recommendation adopted by the district court was that the requisite prejudice was shown. This adopted recommendation was (as Schaetzle contends): "[T]he Austin Court of appeals ... has yet to chime in on the issue", but "signals that exist suggest the plain existence of prejudice"; the facts in this case are closest to those in *Riley*, in which the Houston Appeals Court ruled the State needed to prove the unlawful act had been in retaliation for duties *already performed*; the evidence in this case was insufficient to prove that; and, as a result, had the issue been raised on direct appeal, "there was a strong probability" the Austin Court would have adopted *Riley*'s reasoning and ruled for Schaetzle. While noting that deference was due to the state habeas court, the adopted recommendation was that, because deficient performance and resulting prejudice were shown, the state habeas court's decision was an objectively unreasonable application of clearly established federal law. (The district court appears not to have applied the requisite AEDPA deferential standard.)

On this point, the State asserts that, because the Court of Criminal Appeals denied habeas relief, it necessarily determined either: (1) § 36.06's retributory intent element can be met by showing the act was "on account of" contemporaneous service; or (2)

18

even if the section requires a showing of retributive intent based on duties already performed, the evidence was sufficient to convict on that basis. According to the State, either holding is objectively reasonable.

Needless to say, the Court of Criminal Appeals' interpretation of § 36.06 is binding on Texas Courts of Appeals. As the State notes, in evaluating the reasonable probability of success on appeal under the then-current law, the Court of Criminal Appeals was required first to determine that law.

If the Court of Criminal Appeals determined, contrary to Schaetzle's position, that the retributory intent can develop *contemporaneously with the performance of duties*, we defer to that determination of state law. "It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law, and we defer to the state courts' interpretation of the Texas ... statute." **Weeks v. Scott**, 55 F.3d 1059, 1063 (5th Cir. 1995) (citations omitted). Schaetzle does not contend the evidence was insufficient to show he struck Officer Spriegel while he was performing his duties.

On the other hand, if the Court of Criminal Appeals determined that § 36.06 required retributory intent for *duties already performed* and that the evidence was sufficient to convict on that basis, its determination was objectively reasonable. Applying the controlling federal law standards, the Court of Criminal Appeals

19

had to determine whether, under the then-current law, any rational trier of fact could have found, beyond a reasonable doubt, that Schaetzle intended to harm (strike) Officer Spriegel in retaliation for duties already performed. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

As addressed above, the evidence was sufficient for a reasonable juror to conclude Schaetzle struck the Officer "on account of" duties he had already performed. Officer Spriegel told Schaetzle he would be locked down earlier than usual and that any disobedience would result in a 23-hour lockdown. Not until they were later walking back to Schaetzle's cell did Schaetzle strike the Officer. This evidence was sufficient for a reasonable juror to conclude, under the *In re M.M.R.*/*Riley* line of cases, that Schaetzle struck Officer Spriegel on account of his previously requiring Schaetzle to be locked down early. Unlike *In re M.M.R.*, Schaetzle did not strike Officer Spriegel in order to bring about another purpose; unlike *Riley*, Schaetzle did not strike the Officer contemporaneously with the Officer's disciplining Schaetzle.

As the above analysis shows, the Court of Criminal Appeals would not have been objectively unreasonable in concluding there was *no* resulting prejudice.

### III.

For the foregoing reasons, the Court of Criminal Appeals' denial of habeas relief on Schaetzle's claim of ineffective

20

assistance of counsel on direct appeal is neither contrary to, nor an unreasonable application of, **Strickland**. Accordingly, the conditional habeas relief granted by the district court is **VACATED**; habeas relief is **DENIED**.

**JUDGMENT VACATED; HABEAS RELIEF DENIED**