United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-10316
Summary Calendar

KURBY GERALD DECKER,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(7:98-CV-85)
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Kurby Gerald Decker, Texas state prisoner # 594703, was convicted of solicitation of the capital murder of his former wife. He appeals the district court's denial of his 28 U.S.C. § 2254 petition. We previously granted a certificate of appealability (COA) on two issues: "1) whether trial counsel rendered ineffective assistance in failing to assert at trial an insanity defense on Decker's behalf; and 2) whether the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in summarily rejecting Decker's six additional ineffective-assistance-of-counsel claims as waived due to inadequate briefing by appointed counsel, and, in the alternative, on the ground that no evidence existed in the record in support of the claims."

Decker raises a number of arguments beyond the scope of the issues on which we granted COA. We do not reach these issues because he has not sought an expansion of the COA. See United States v. Kimler, 150 F.3d 429, 430-31 (5th Cir. 1998); Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997).

Under 28 U.S.C. § 2254(d), we may not grant habeas relief on an issue that was adjudicated on the merits in a state court proceeding unless that decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or unless it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. To establish that his attorney performed ineffectively, Decker must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Decker contends that his counsel provided ineffective assistance by not obtaining psychiatric or neuropsychological reports and pursuing an insanity defense at trial. Counsel requested and obtained a report from a clinical psychologist which, although cursory, indicated that Decker was

sane at the time of the offense. Counsel questioned the psychologist, reviewed Decker's records, spoke with his family, and attempted to confer with Decker regarding the offense. According to counsel, she opted not to pursue an insanity defense at least in part because it would have required admission of the offense conduct, an admission that Decker had not made. Counsel elected instead to put the state to its burden of proof in light of perceived gaps in the state's evidence. Given the competency jury's negative reaction to Decker during the competency proceedings, counsel also sought to mitigate any potential punishment.

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." Crane v. Johnson, 178 F.3d 309, 314 (5th Cir. 1999) (citation and internal quotation omitted). Under the instant circumstances, Decker has not shown that the state court's decision was contrary to or involved an unreasonable application of Strickland. See Schaetzle v. Cockrell, 343 F.3d 440, 443 (5th Cir. 2003), cert. denied, 124 S. Ct. 1156 (2004); Green v. Johnson, 116 F.3d 1115, 1122-23 (5th Cir. 1997).

Decker did not raise the issue of the district court's denial of his remaining ineffective assistance claims on procedural grounds in his initial brief. Even if these claims had been properly raised, however, see Cousin v. Trans Union Corp., 246 F.3d

3

359, 373 n.22 (5th Cir. 2001), Decker's argument would be without merit, as he contends only that he should not be blamed for his counsel's inadequate briefing.  See Coleman v. Thompson, 501 U.S. 722, 752-54 (1991); Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

For these reasons, the district court's denial of habeas corpus relief under 2254 is

AFFIRMED.