**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-60354

DONNA DUNCAN BROOKS,

Petitioner-Appellee,

versus

LAWRENCE KELLY, Superintendent,

Respondent-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi

Before JOLLY, SMITH, and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The state of Mississippi appeals a grant of habeas relief to Donna Brooks. We reverse.

## I.

### A.

Brooks was convicted of selling oxycodone and hydromorphone within 1,500 feet of a church and is serving her sentence. The evidence was strong. The state produced an audio recording of the drug buy, supplemented with eyewitness testimony from police and a confidential informant. The state identified money retrieved from Brooks right after the drug buy as cash that police had lent the informant to purchase the drugs. A crime-lab analyst confirmed the chemical composition of the drugs. None of this evidence was contradicted.

Brooks won modification of her sentence on direct review in state court, then sought collateral relief, arguing that her trial counsel's representation was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). After exhausting her remedies in state court, she filed the instant petition. The district court granted relief on three grounds, and the state appeals.

### B.

To establish a claim of ineffective assistance of counsel under *Washington*, Brooks must show both that her counsel's performance was constitutionally deficient and that the deficiency led to actual prejudice. *Richards v. Quarterman*, 566 F.3d 553, 564 (5th Cir. 2009). To have been deficient, her counsel's representation must have fallen so far "below an objective standard of reasonableness," *Washington*, 466 U.S. at 488, that her counsel was in effect not functioning as counsel at all, *id.* at 687. There is a "strong presumption that any alleged deficiency falls within the wide range of reasonable professional assistance." *Coble v. Quarterman*, 496 F.3d 430, 435 (5th Cir. 2007) (quoting *Washington*, 466 U.S. at 689) (quotation marks omitted). Prejudice, in the *Washington* context, is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Coble*, 496 F.3d

at 435, and "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome," *Washington*, 466 U.S. at 694.

Moreover, on a habeas petition brought pursuant to 28 U.S.C. § 2254(d), this court may not grant relief unless the state court's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law." *Id.* We may not undertake an independent analysis of Brooks's *Washington* claim; we evaluate only the state court's application of the *Washington* standard. *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003).

## II.

The district court found three independent instances at trial and post-trial proceedings in which, in the court's view, Brooks's counsel was ineffective. We address them in turn.

## A.

The district court concluded that Brooks's counsel was ineffective in failing to object to two colloquies at trial in which the state's witnesses—a narcotics agent and the confidential informant—referred to Brooks's selling drugs on occasions before the controlled buy for which she was arrested. We disagree.

Under the Mississippi Rules of Evidence, testimony revealing or suggesting other crimes is inadmissible "to prove the character of a person in order to show that he acted in conformity therewith." MISS. R. EVID. 404(b). Evidence of other crimes is admissible, however, "[w]here substantially necessary to present to the jury the complete story of the crime," *Jones v. State*, 920 So. 2d 465, 474 (Miss. 2006) (quoting *Ballenger v. State*, 667 So.2d 1242, 1257 (Miss. 1995)) (quotation marks omitted), though subject, under Mississippi Rule of Evidence 403, to balancing to prevent unfair prejudice, *id.* at 475.

The colloquies to which Brooks claims her counsel should have objected de-

scribe the lead-up to her arrest. They explain why the state was investigating her and how the state came to use the confidential informant (one of Brooks's narcotics customers) against her. The colloquies were plausibly necessary to present a complete story. Because they were admissible under state law, Brooks's counsel was not unconstitutionally remiss in failing to object. Certainly the state courts were not "unreasonable" under § 2254 in rejecting the ineffective assistance claim.[1]

## B.

The district court concluded that Brooks's counsel was ineffective for failing to appeal the denial of a limiting instruction concerning character evidence. The trial court appears to have been correct under Mississippi law, however, in refusing to grant the instruction Brooks sought.

Mississippi courts draw a firm distinction between "character" evidence under Rule 404(a) and "other crimes" evidence under Rule 404(b). *Compare Conerly v. State*, 879 So.2d 1101, 1108-09 (Miss. App. 2004) (character instruction), *with Carter v. State*, 953 So.2d 224, 232 (Miss. 2007) (other crimes instruction). In *Conerly*, the state regularly referred at trial to the defendant's alleged prior armed robbery, and the defendant sought an instruction essentially identical to the one Brooks requested here. The state objected on the ground that "there was no reputation and character evidence presented," the trial court denied the instruction, and the Mississippi Court of Appeals affirmed, reasoning that a char-

---

[1] At the time of Brooks's trial, an objection to other crimes evidence would have automatically triggered a right to Rule 403 balancing and a limiting instruction. *Smith v. State*, 656 So. 2d 95, 100 (Miss. 1995), *overruled by Brown v. State*, 890 So. 2d 901 (Miss. 2004). Even if, *arguendo*, Brooks's counsel should have invoked that right, or if the trial court should have given an other crimes limiting instruction *sua sponte*, any error was harmless considering the weight of evidence against her. *Harris v. State*, 878 So. 2d 90, 94 (Miss. App. 2003) (applying harmless error analysis to a failure to give a limiting instruction *sua sponte*). Certainly the lack of an other crimes instruction does nothing to undermine our confidence in the trial's outcome. *See Washington*, 466 U.S. at 694.

acter evidence instruction would not have been supported by the evidence. *Conerly*, 879 So.2d at 1108-09 (citing *Haggerty v. Foster*, 838 So. 2d 948, 955 (Miss. 2002)). The *Conerly* court performed a separate analysis of whether the defendant had a right to an other-crimes limiting instruction. *Id.* at 1109.

Here, the trial court, like the trial court in *Conerly*, rejected Brooks's character evidence instruction on the ground that no character evidence had been presented. As in *Conerly*, that decision was strictly correct; because only other-crimes evidence appeared at trial, the character evidence instruction Brooks requested was not supported by the evidence. The state courts' conclusion that Brooks's counsel was not deficient in failing to appeal the denial of the instruction is therefore adequate under § 2254.

## C.

The district court found that Brooks's counsel was ineffective for failing to appeal her sentence as excessive. The state trial court had sentenced Brooks to the statutory maximum of sixty years' imprisonment on both counts, but provided that the sentences would run concurrently and suspended the last thirty years for supervised release. We find no fault in the state courts' conclusion that counsel's decision was not deficient.

"As a general rule, a sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal." *White v. State*, 742 So. 2d 1126, 1135 (Miss. 1999). Though the Supreme Court has established a balancing test for evaluating the proportionality of sentences under the Eighth Amendment, *see Solem v. Helm*, 463 U.S. 277, 292 (1983), Mississippi courts do not apply that test to sentences within statutory guideline ranges, *White*, 742 So. 2d at 1135-36 (citing *Stromas v. State*, 618 So. 2d 116, 123 (Miss. 1993)). Instead, "where a sentence is within the prescribed statutory limits, it will generally be upheld and not regarded as cruel and unusual." *Id.* at 1136 (quoting *Stromas*,

618 So.2d at 124). "The practical effect of the general rule is that a trial judge's sentencing decision has traditionally been treated as unreviewable so long as the sentence was within the statutory limits." *Id.* at 1136. The state courts reasonably concluded that Brooks's sentence meets this lenient test.

Where Mississippi appellate courts reverse impositions of the statutory maximum sentence, it is typically because the trial court imposed them almost automatically, without consideration or support in the record. *See id.* at 1137; *Davis v. State*, 724 So. 2d 342, 345-46 (Miss. 1998). Here, as the state points out, Brooks was not sentenced to the maximum possible prison term—120 years— and the record shows that the trial judge made a discretionary decision to give Brooks an exceptionally long sentence based on specific facts. She was evidently a large-scale seller of illegal prescription drugs in her county and brought her young son with her to the sale for which she was convicted. She continued to sell drugs while released on bond and had a number of additional charges pending when convicted. One post-indictment incident had led to a shooting at her house. The trial court explained that it did not believe Brooks could be rehabilitated or that she would stop her drug sales voluntarily. The Mississippi courts therefore were not unreasonable in concluding that the failure to challenge the sentence was not ineffective assistance.

## III.

In summary, Brooks has not shown that the Mississippi state courts erred, under § 2254(d) standards, in denying her claims for relief. No error or combination of errors by her counsel constituted ineffective assistance. The judgment granting a writ of habeas corpus is therefore REVERSED.