DENNIS, Circuit Judge,
concurring in the judgment.
I write separately in order to clarify a point regarding the proper analysis of the type of claim that is at issue in this appeal. In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court established that a trial court has two specific obligations toward a defendant who desires to conduct his own defense. First, if a defendant “clearly and unequivocally declare[s] to the trial court that he want[s] to represent himself and [does] not want counsel,” then the court is obligated to permit him to exercise “his constitutional right to conduct his own defense.” Id. at 835-36, 95 S.Ct. 2525. Second, before a trial court grants a defendant’s request to represent himself, it must ensure that the defendant is “made aware of the dangers and disadvantages of self-representation, so that the record will establish that ‘he knows what he is doing and his choice is made with eyes open.’ ” Id. at 835, 95 S.Ct. 2525 (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942)).
Thus, a court can violate the requirements of Faretta in either of two ways: by denying a defendant’s clear, unequivocal, timely request to represent himself, or by granting a defendant’s request to represent himself but failing to ensure that he understands “the dangers and disadvantages of self-representation,” id. These are two different errors that correspond to two distinct claims that can be made on appeal or on habeas. Compare United States v. Long, 597 F.3d 720, 722 (5th Cir.2010) (“Long contends that the district court wrongfully denied him his right to represent himself.”), with United States v. Davis, 269 F.3d 514, 516 (5th Cir.2001) (“Davis contends that his Sixth Amendment right to counsel was violated because the district court did not sufficiently warn *662 Davis of the perils of self-representation, and therefore Davis did not make a knowing and intelligent waiver of his right to counsel.”).
This case involves the second type of Faretta claim: Randolph argues that the trial court erred by not making sure he understood the dangers of self-representation before allowing him to participate in his own defense by cross-examining the victim and her mother. A defendant’s participation in his own defense, even if assisted by a lawyer, can rise to a level that “entail[s] a waiver of his Sixth Amendment right to counsel that require[s] the safeguards specified in Faretta.” Davis, 269 F.3d at 520; see also 3 Wayne R. LaFave et al., Criminal Procedure § 11.5(g), at 766-67 (3d ed. 2007) (“[S]ince hybrid representation is in part pro se representation, allowing it without a proper Faretta inquiry can create constitutional difficulties.”). Therefore, the dispositive question on the underlying merits of Randolph’s Faretta claim is whether his participation in his own defense amounted to self-representation requiring the trial court to warn him “of the dangers and disadvantages of self-representation.” Faretta, 422 U.S. at 835, 95 S.Ct. 2525.
In my view, the majority opinion tends to confuse the issue by engaging in a lengthy analysis of an irrelevant question: whether Randolph made a “clear and unequivocal assertion of the right to self-representation.” Maj. Op. 658-59. That question would be important if this case involved a claim that a trial court erroneously denied a defendant’s request to engage in self-representation. The majority opinion relies on several cases involving claims of that type, including Long, 597 F.3d 720; United States v. Cano, 519 F.3d 512 (5th Cir.2008); Stenson v. Lambert, 504 F.3d 873 (9th Cir.2007); United States v. Mackovich, 209 F.3d 1227 (10th Cir.2000); Fields v. Murray, 49 F.3d 1024 (4th Cir.1995) (en banc); Hamilton v. Groose, 28 F.3d 859 (8th Cir.1994); and Cain v. Peters, 972 F.2d 748 (7th Cir.1992). But the instant case does not involve such a claim. Thus, I think the majority opinion focuses on the wrong question. When a trial court grants a defendant’s request to engage in self-representation, Faretta requires the court to ensure that he is “aware of the dangers and disadvantages of self-representation.” 422 U.S. at 835, 95 S.Ct. 2525. The degree of clarity of the defendant’s request is irrelevant once the request has been granted.
Despite this partial disagreement with the majority opinion’s analysis, I concur in the judgment for two reasons. First, as to Randolph’s claim that the trial court allowed him to engage in self-representation without conducting a Faretta hearing, there is no “clearly established Federal law, as determined by the Supreme Court of the United States,” 28 U.S.C. § 2254(d)(1), regarding whether a Faretta warning is required before a trial court allows a defendant to partially conduct his own defense in the particular manner that Randolph did. Therefore, we cannot grant habeas relief on this claim.
Second, as to Randolph’s claim that he received ineffective assistance when his appellate counsel failed to raise the Faretta issue on direct appeal, we must apply a “highly deferential” level of scrutiny to counsel’s performance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To obtain habeas relief, Randolph had to demonstrate to the Louisiana courts that his counsel on direct appeal was “objectively unreasonable in failing to present the [Faretta] issue.” Schaetzle v. Cockrell, 343 F.3d 440, 445 (5th Cir.2003). On federal habeas, the bar is even higher: “the test is whether the state [habeas] court’s decision — that [Randolph] did not make *663 the Strickland-showing — was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (Strickland), for succeeding on his [ineffective assistance] claim.” Id. at 444; see 28 U.S.C. § 2254(d)(1).
Randolph’s ineffective assistance claim is not compelling enough to clear this bar. “Counsel need not raise every nonfrivolous ground of appeal.” Id. at 445. “Often, factual differences will make authority easily distinguishable, whether persuasively or not. In such cases, it is not necessarily providing ineffective assistance of counsel to fail to construct an argument that may or may not succeed.” Id. at 445 (quoting United States v. Williamson, 183 F.3d 458, 463 (5th Cir.1999)). As the majority opinion explains, this case is at least arguably factually distinguishable from the cases on which Randolph relies, including United States v. Davis, 269 F.3d 514 (5th Cir.2001), and State v. Penson, 630 So.2d 274 (La.Ct.App.1993). Therefore, it is doubtful whether Randolph’s appellate counsel’s failure to raise the Faretta issue amounted to deficient performance under Strickland, and so the state habeas courts’ rejection of Randolph’s ineffective assistance claim was not an objectively unreasonable application of Strickland.
Accordingly, I agree with the majority that Randolph is not entitled to habeas relief.