# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20366
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2018

Lyle W. Cayce
Clerk

CURTIS ALLEN KIRKLAND,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-2649

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Curtis Allen Kirkland, Texas prisoner # 01790491, filed a 28 U.S.C. § 2254 application challenging his conviction and sentence for possession of methamphetamine with the intent to deliver. He argued that he received ineffective assistance of counsel during the guilt and penalty phases of his state trial. After the district court denied relief, we granted a certificate of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appealability on Kirkland's claims of penalty-phase ineffective assistance and appointed him counsel for the purpose of pursuing his appeal.

Relief under Section 2254 is appropriate when the underlying state court adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The thrust of Kirkland's appeal is that ineffectiveness of counsel was acknowledged by the Texas Court of Criminal Appeals in his state habeas appeal, but that the court then erred in finding no prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687–94 (1984). Specifically, he claims prejudice from his counsel's failure to object to testimony about methamphetamine's societal effects, a law enforcement officer being offered as an expert on methamphetamine, testimony about Kirkland's ability to be rehabilitated, and testimony about the amount of methamphetamine found on Kirkland. He argues that another case from the Texas Court of Criminal Appeals in which relief was granted compels granting relief to him. *See Ex Parte Lane*, 303 S.W.3d 702 (Tex. Crim. App. 2009). The state court in *Lane* held that the defendant had been prejudiced by his counsel's errors during the penalty phase. *Id.* at 719–20. His attorney failed to object to a law enforcement officer's testimony about the addictive nature of methamphetamine, testimony about the societal dangers of the drug, and inflammatory statements about the amount of methamphetamine found on Lane. *Id.* at 719. According to Kirkland, "no reasonable jurist would compare the errors in Lane and Kirkland and conclude Kirkland did not get worse treatment." This is because Kirkland's lengthy criminal history makes prejudice clear because jurors will

"accept improper implications that [he] is in a class (methamphetamine users) more likely to commit future bad acts" and thus find him more deserving of a lengthier sentence. Despite the failure of Kirkland's counsel to object, the Texas Court of Criminal Appeals found he had not shown prejudice, citing Kirkland's lengthy criminal history and that the objectionable testimony was not egregious.

Regardless of differences that might exist between the two state appellate court decisions, Kirkland must show that the ruling he had failed to show prejudice from his counsel's errors "was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law." *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003). The inquiry under AEDPA is "determining whether the state habeas court's application of the law to the facts was reasonable." *Ward v. Dretke*, 420 F.3d 479, 499 (5th Cir. 2005). "[I]n order to grant habeas relief from a state conviction following rejection of the petitioner's state habeas application, we must conclude that the state habeas court's application of federal law was not only incorrect, but 'objectively unreasonable.'" *Id.*

In this case, the state court, relying on the nature of the errors and Kirkland's criminal history, concluded that Kirkland had not shown prejudice. Any inconsistencies, and we do not hold there are any, between *Lane* and this case are beside the point. In his habeas proceedings, Kirkland has not shown "that the state court's ruling on the claim being presented in federal court [is] so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

AFFIRMED.