# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 16, 2009

Charles R. Fulbruge III
Clerk

No. 07-50026

LAWRENCE W KYLE

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC 5:06-cv-00346

Before BARKSDALE, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Pursuant to a Certificate of Appealability (COA) obtained from our court under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Texas prisoner Lawrence W. Kyle appeals *pro se* the denial of two claims of ineffective assistance of counsel in state court. AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Kyle was charged in Texas state court with criminal solicitation of a minor-sexual assault and sexual assault of a child. Pursuant to written plea agreements, he pleaded guilty to both offenses and was sentenced to 10 years' imprisonment for the solicitation, and 18 years for the assault, offense.

As part of his written plea agreements, Kyle waived the right to appeal his convictions and sentences. Nevertheless, he filed a *pro se* notice of appeal from his solicitation conviction and sentence. This appeal was dismissed on 30 March 2005.

In November 2005, for each conviction, Kyle filed an application for state habeas relief. In each application, Kyle contended: his guilty plea was not knowing and voluntary; and he was denied effective assistance of counsel at trial and on appeal.

In January 2006 for one application, and that March for the other, without holding a hearing, the same state habeas trial court, for each application, entered findings of fact and conclusions of law and recommended denial of habeas relief. Among other findings and conclusions in each order, emphasis was given to the admonishment the trial court gave Kyle for each guilty plea and to Kyle's signing the plea agreements. (As noted, included in those agreements was a waiver of the right to appeal.)

In April 2006, the Texas Court of Criminal Appeals denied habeas relief. In doing so, the order for each application stated only that the requested relief was "DENIED WITHOUT WRITTEN ORDER ON FINDINGS OF TRIAL COURT WITHOUT HEARING".

Kyle next filed an application for federal habeas relief, pursuant to AEDPA, 28 U.S.C. § 2254, challenging both convictions. Similar to his state habeas applications, Kyle contended: his guilty pleas were not knowing and

voluntary; and he was denied effective assistance of counsel at trial and on direct appeal.

The district court denied Kyle's application and his COA request. Kyle's COA request to this court was granted on two issues: whether his guilty pleas were knowing and voluntary; and whether he was denied effective assistance of counsel on direct appeal.

II.

For this appeal from the denial of habeas relief, our court "review[s] the district court's findings of fact for clear error and review[s] its conclusions of law de novo, applying the same standard of review to the state court's decision as the district court". *Beazley v. Johnson*, 242 F.3d 248, 255 (5th Cir. 2001) (quoting *Thompson v. Cain*, 161 F.3d 802, 805 (5th Cir. 1998)). Regarding our deferential AEDPA review of the decision by the Texas Court of Criminal Appeals, the Supreme Court explained the appropriate standard, under 28 U.S.C. § 2254(d), in *Williams v. Taylor*, 529 U.S. 362 (2000). *See Beazley*, 242 F.3d at 253. Under the heightened AEDPA standard, federal habeas relief shall not be granted for:

> any claim that was *adjudicated on the merits* in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an *unreasonable* determination of the facts in light of the evidence presented in the State court proceeding.

*Beazley*, 242 F.3d at 255-56 (emphasis in original) (quoting 28 U.S.C. § 2254(d)).

At issue is only § 2254(d)(1). The *Williams* Court stated the "contrary to" and "unreasonable application" clauses must be given independent meaning. *Beazley*, 242 F.3d at 256. For the former, the Court explained:

3

> A state-court decision will certainly be *contrary to* our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . . [or] if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* (emphasis in original) (quoting *Williams*, 529 U.S. at 405-06). For the meaning of the "unreasonable application" clause, the Court explained: "A state court decision that correctly identifies the governing legal rule but applies it *unreasonably* to the facts of a particular prisoner's case certainly would qualify as a decision 'involv[ing] an *unreasonable application of* . . . clearly established Federal law'". *Id.* (emphasis in original) (quoting *Williams*, 529 U.S. at 404-05). The Court further explained: "Under § 2254(d)(1)'s '*unreasonable application*' clause, then, a federal habeas court may *not* issue the writ simply because that court concludes *in its independent judgment* that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *Rather, that application must also be unreasonable*." *Id.* (emphasis in original) (quoting *Williams*, 529 U.S. at 412).

As noted, the Texas Court of Criminal Appeals denied each application without stating reasons, except to state its denial was based on the findings of the state habeas trial court. For this situation, "our court: (1) assumes that the [Texas Court of Criminal Appeals] applied the proper 'clearly established Federal law'; and (2) then determines whether its decision was 'contrary to' or 'an objectively unreasonable application of' that law". *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003) (quoting *Catalan v. Cockrell*, 315 F.3d 491, 493 & n.3 (5th Cir. 2002)). Pursuant to our deferential review, each claim fails.

A.

Kyle maintains conduct by his counsel during the plea process resulted in his pleas being unknowing and involuntary. The COA on whether Kyle's guilty

pleas had those defects translates into whether his counsel rendered ineffective assistance by informing him incorrectly, according to Kyle, that the maximum sentence he faced was 60 years. Therefore, to review the state court decision concerning Kyle's challenge to his guilty pleas, we apply the well-known two-part test for claims for ineffective assistance of counsel, provided in *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

*Strickland*'s first prong requires Kyle to show that his "counsel's representation fell below an objective standard of reasonableness". *Strickland*, 466 U.S. at 688. To satisfy the second prong of *Strickland*, prejudice, Kyle must "show that there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial". *Hill*, 474 U.S. at 59.

Assuming *arguendo* his counsel misinformed Kyle of his maximum potential sentence, he was properly instructed on his sentence range by the trial court. Because Kyle knew the maximum sentence he faced before he pleaded guilty, it is not reasonable to conclude that, but for his counsel's claimed misstatement of the sentence, he would have insisted on going to trial.

### B.

The state habeas trial court did not expressly address Kyle's claim that his counsel rendered ineffective assistance by failing to file a notice of appeal. Nevertheless, our above-described standard of review under AEDPA for the habeas denial by the Texas Court of Criminal Appeals is unchanged.

To prevail in state court on a claim of ineffective assistance of counsel, Kyle had to satisfy the two-part *Strickland* test. As discussed, as part of his plea agreement, Kyle waived his right to appeal. Therefore, even if his counsel had filed a notice of appeal, the result of the proceeding would not have changed; the appeal would have been dismissed because of the waiver. Accordingly, under our

deferential review, his claim failed the second prong (prejudice) of *Strickland*. *See Strickland*, 466 U.S. at 694.

### III.

For the foregoing reasons, the judgment denying habeas relief is AFFIRMED.